## McPhee vs. Veal.

1. The sworn bill and answer being conflicting, and neither exhibiting written title to the lot which formed the subject-matter of the controversy, there was no abuse of discretion in refusing to enjoin its sale under a *fi. fa.*

2. Even if the complainant had shown a better title than the defendant in *fi. fa.*, an injunction should not have been granted to stop a sale under an execution against the defendant in *fi. fa.* for laying curbing and pavement on the sidewalk in front of the property in dispute, the ground of equity being that complainant had brought suit against the defendant for the land, that the city had issued the *fi. fa.*, and complainant had tried to buy it by offering the principal and interest, but the marshal refused to transfer it to him, but sold and transferred it to another, who was colluding with the defendant in *fi. fa.* and pressing the sale. If the complainant owned the lot, he should have paid the amount due for paving its sidewalk; if he did not own it, he had no interest in it, nor in the debt or lien thereon; and he did not need a transfer to protect his rights.

March 23, 1886.

Tax. Title. Levy and Sale. Injunction. Before Judge Marshall J. Clarke. Fulton Superior Court. September Term, 1885.

Reported in the decision.

Reed, Reinhardt & O'Neil, for plaintiff in error.

Candler, Thomson & Candler, for defendant.

Jackson, Chief Justice.

McPhee applied by a bill in equity for an injunction against Thomas E. Veal, restraining him from selling a certain lot in the city of Atlanta, under an execution against W. S. Veal for laying curbing and pavement in front of said lot, the said execution having been transferred to said Thomas E. Veal by the city. Its refusal is the error assigned.

1. The bill alleges that complainant is suing, by another bill, W. S. Veal for this lot, his possession being a cloud on his title thereto, and pending this suit the levy is made; that he tried to buy the *fi. fa.* from the city by paying the marshal principal and interest if he would transfer to him; that he would not, at the instance of W. S. Veal, but sold and tranferred to Thomas E. Veal, who is now pressing the sale in collusion with W. S. Veal, and prays the injunction until the suit he has pending for the land has been tried. The bill exhibits no title-papers of any sort, nor does it exhibit even the bill filed and pending against W. S. Veal. The answer denies that McPhee has any title to the lot and all collusion.

So that, on the bill swearing one way and the answer the other, neither setting up or exhibiting written title, the chancellor did not abuse his discretion in refusing the injunction, especially as the defendant in execution, W. S. Veal, was in possession.

2. But even if the complainant had shown the better title, the injunction should have been refused. He had no right to demand and constrain a transfer of the *fi. fa.* to him. If he was confident that the land was his, and if his title was good to it, he ought to pay the debt for paving the front of it; if the title was not in him, but in W. S. Veal, he had no interest at all in it, or in the debt or lien of the *fi. fa.* upon it. If it was his lot, when he paid the *fi. fa.* and the marshal receipted it, he got all he needed without a transfer; if it was not his lot, he had no interest

v 76-42

in the sale of it and no right to intermeddle with it at all. He could not, on a sort of chance to win in a suit, have the writ of injunction to stop its sale under lien execution.

In any view, he had no equity to the writ.

Judgment affirmed.