BRUMBY *v.* HARRIS, administrator.

1. Where a city tax fi. fa., issued upon an assessment of a certain lot for street improvements, describes the property to be levied upon as "a certain city lot in the City of Atlanta, fronting 20 feet on Georgia avenue, said lot being known as number 201 on said Georgia avenue, according to the street numbers," and the defendant in fi. fa. named in the execution is other than the party in possession or the owner of said lot, a levy and sale by the officer of a lot fronting 47 feet on the named avenue, without any notice to the owner or to the tenant in possession of the land levied on, is void.

2. Under the code, a creditor of the real owner of the property thus sold, whose claim is secured by a deed, may institute an equitable proceeding to assert his special lien upon the property and to set aside the sale on the ground of illegality, and for such purpose it is proper for him to make parties defendant both his debtor and the party claiming title under the sale. The petition in this case was therefore not demurrable either on account of multifariousness or of a misjoinder of parties.

Argued March 23, — Decided April 20, 1899.

Equitable petition. Before Judge Hutchins. Clarke superior court. April term, 1898.

*Lumpkin & Burnett* and *W. I. Heyward,* for plaintiff in error. *T. W. Rucker,* contra.

SIMMONS, C. J. It appears from the record that Mrs. Arabella H. Brumby, in July, 1889, borrowed from Hugh N. Harris the sum of $1,500, and to secure the payment of the same made and executed to him a deed to a certain city lot in the City of Atlanta. The authorities of the City of Atlanta had the street on which this lot was situated paved, and assessed Mrs. Brumby for her portion of the assessment. The lot fronted 47 feet on the street, with a depth of about 140 feet. It appears that Mrs. Brumby failed to pay this assessment, and on August 5, 1892, the clerk of the city council of Atlanta issued a fi. fa. against the lot and "Mrs. Ada Brumby," directing the marshal of the city to levy upon and sell "a certain city lot in the City of Atlanta, fronting 20 feet on Georgia avenue, said lot being known as number 201 on said Georgia avenue, according to the street numbers." According to the entry of levy made by the marshal, this land was "levied on as the property of Mrs. Ada Brumby to satisfy a fi. fa. in favor of the

City of Atlanta against said lot and against Mrs. Ada Brumby."
There was also an entry of service on the tenant in possession
on Oct. 24, 1892. Under this execution, the marshal sold the
entire lot fronting 47 feet on the street. On the day of the sale
the property was purchased by Venable Brothers, who, just be-
fore the expiration of the right of redemption, sold the prop-
erty to T. M. Brumby. Harris seems to have had no knowl-
edge of any of these proceedings. He claimed that inasmuch
as the execution, the levy, and the advertisement designated
the property as that of Mrs. Ada Brumby, while his deed was
from Arabella H. Brumby, he could not have been put upon
notice that it was his land which was advertised for sale. Upon
ascertaining the facts, he filed an equitable petition in the supe-
rior court of Clarke county, where Mrs. Brumby resided, against
her and T. M. Brumby, praying that the sale be set aside upon
the ground that the marshal exceeded his power in levying
upon 47 feet on the street when the execution directed him to
levy upon 20 feet only, that no notice was given either to the
owner or to the tenant in possession of the property, and that
the levy was excessive. Venable Brothers, who purchased at
the tax sale, and Loyd, the marshal who sold the land at that
sale, were not made parties, but no objection upon this ground
was made on the trial, the only demurrer being on the ground
that the petition was multifarious because it sought to obtain
a judgment on a note against Mrs. Brumby and to cancel the
deed made by Venable Brothers to T. M. Brumby, and also
that there was a misjoinder of parties. On the trial of the case
the jury returned a verdict rendering judgment upon the note
and cancelling the deed made by Venable Brothers to T. M.
Brumby. A motion for a new trial was made by the latter,
and was overruled by the court. Movant excepted.

1. The levy and sale by the marshal of forty-seven feet on
the street, when the execution directed him to levy upon
twenty feet only, was clearly illegal. He had no power or au-
thority under this fi. fa. to levy upon any 47-foot lot, and the
levy upon such a lot rendered the sale void. The assessment
was for the improvement of that particular property, and the
execution issued against that property. Assessments for the

improvement of a street are sustained by courts only because of benefit to the particular property, and the executions issued therefor do not run generally against the other property of the owner not situated upon the street. *Hayden* v. *Atlanta*, 70 *Ga.* 817, 822; *Speer* v. *Athens*, 85 *Ga.* 49. We think, therefore, that the sale was void and was rightly so declared at the instance of Harris, who had no notice thereof and who held the legal title to the property.

2. Under the procedure act of 1887, Civil Code, §4833 et seq., the superior court has jurisdiction in one proceeding to enforce legal and equitable rights and remedies. Therefore, where a petition seeks judgment upon a note and a special lien upon land against one who conveyed the land to secure the payment of the note and also against one who has purchased under a void tax sale, the petition is not demurrable on the ground of multifariousness. The court had jurisdiction to render a common-law judgment upon the note and decree a special lien upon the land, and also jurisdiction to set aside a void sale and cancel the deed made pursuant thereto. *DeLacy* v. *Hurst*, 83 *Ga.* 223. For this purpose it was proper and necessary to join Mrs. Brumby and T. M. Brumby in the action. If the sale was void the title was still in Mrs. Brumby, but it was necessary to have T. M. Brumby a party, because he holds the deed of the marshal, or rather of the party who bought from the marshal. As before stated, no objection was made to the proceeding on the ground that Venable Brothers and the marshal were not made parties. The question not having been made in the court below by the defendants, this court will not make it here.

*Judgment affirmed. All the Justices concurring, except Cobb, J., who was disqualified.*