FORD <em>et al.</em> v. NESMITH.

1. Under the Civil Code, § 3621, a clerk of a court of record in another State may attest the execution of a deed conveying lands in this State. If he sign the deed as a witness, and then certify under the seal of his court that as a witness he attested the deed and that the court of which he is clerk is a court of record, this is a substantial compliance with the code.
2. Under a proper construction of this section of the code, the certificate of the

clerk, under the seal of the court, is prima facie evidence that the court is a court of record.

3. Where a security deed is given to secure a note, and, after judgment is obtained on the note, the land reconveyed, and execution levied thereon, a claim is filed by a third person, proof of possession of the land by the grantor in the security deed at the time of the execution of such deed is sufficient to make a prima facie case against the claimant in favor of the plaintiff in fi. fa.

4. The description of the land in the levy was, under the law and the evidence, sufficient.

5. There was no error in the admission of evidence, and the evidence authorized the verdict.

Argued January 26, — Decided February 11, 1903.

Levy and claim. Before Judge Lumpkin. Fulton superior court. June 30, 1902.

*Robert L. Rodgers,* for plaintiffs in error.
*H. A. Etheridge,* contra.

SIMMONS, C. J. Murray Ford borrowed of Mrs. Nesmith, a resident of the State of Massachusetts, a certain sum of money, and, to secure the loan, made her a security deed to certain lands in Fulton county, Georgia, receiving from her a bond for titles to reconvey upon the repayment of the money borrowed. The loan was not paid at maturity, and Mrs. Nesmith brought suit upon the notes and obtained judgment against Ford. She executed a deed to the land to Ford, filed it in the office of the clerk of the superior court of Fulton county, Georgia, and had the execution levied upon the land. Albert Ford and two others filed a claim affidavit, alleging that the lands levied upon as that of Murray Ford were not his, but theirs. The verdict was against the claimants, and they moved for a new trial. The judge overruled the motion, and they excepted.

1, 2. At the trial of the claim case the burden was cast upon the plaintiff in fi. fa., because the sheriff's levy did not show who was in possession of the lands at the time the levy was made. The plaintiff in fi. fa. tendered in evidence the deed she had made to Ford. This deed was objected to by the claimants, on the ground that the attestation was not sufficient to admit the deed to record. The court overruled the objection, and this was made one of the grounds of the motion for new trial. The deed purported to have been executed in Middlesex county, State of Massachusetts. It was signed by Mrs. Nesmith and attested by Har-

riet A. White and James F. Savage.   Over on the back of the deed was the following:

. "State of Massachusetts, County of Middlesex.   I, James F. Savage, clerk of the Police Court of Lowell in said county, do hereby certify that said court is a court of record.   I further certify that Mary Nesmith signed, sealed, and delivered the within instrument in this county in the presence of myself and Harriet A. White, the other subscribing witness.   Witness my hand and the seal of the court, this 28th day of November, 1900.

James F. Savage, Clerk of the Police Court of Lowell.   (Seal.)

The Civil Code, § 3621, in prescribing how a deed to land in this State may be executed out of the State, declares that it may be attested by a clerk of a court of record, under the seal of the court.   The objections urged to the attestation of the deed by Mrs. Nesmith were, that Savage, the clerk, should have designated his official character at the place where he signed his name as attesting witness, and that it was not shown that the police court of Lowell was a court of record.   We think that it is not important where, in such an attestation, the official character of the witness appears, so it appears with certainty from the instrument. Savage was the clerk, and, while he first signed the deed without indicating his official character, he placed on the back of the deed his certificate, as clerk of the court, that the latter was a court of record, and that he was one of the witnesses who attested the deed.   We think this was sufficient, so far as the officer attesting the deed is concerned.   We think also that the officer's certificate, under the seal of the court, that the court of which he was clerk was a court of record, was sufficient to show prima facie that he was such an officer as is authorized by the code to attest deeds.   That is all that the law requires.   In case the deed is executed before a consul or vice-consul of the United States, the code prescribes that the certificate of such officer, under his seal, shall be evidence of the fact that he is such officer.   If the judge of a court of record attest a deed, the code provides that the clerk of the court shall certify as to the genuineness of the signature of the judge, and, when the clerk of a court of record attests a deed, it provides simply that he shall do so under the seal of the court. The seal of the court seems to be all the evidence required as to his official character.   His certificate under seal is sufficient evi-

dence that the court is a court of record. We of course do not know judicially that the police court of Lowell is a court of record, but, under a proper construction of this section of the code, the certificate of the clerk that it is a court of record and his attestation under the seal of the court are sufficient to admit the deed to record in this State. Under the contention of counsel for the plaintiffs in error, every person who has such a deed executed in another State would have to show to the recording officer in this State the act creating the court whose clerk attests the deed, or other evidence that such court is a court of record. We believe that the legislature did not intend to put this burden upon the grantee in a deed. The certificate of the clerk, under the seal of the court, is at least prima facie evidence that the court is a court of record, and it would be incumbent upon the person attacking the record to show that the clerk was not the clerk of a court of record.

3. Another question raised by the plaintiffs in error was that there was no proof of possession in Murray Ford at the time of the judgment or of the levy. When a person executes a deed as security for the loan of money and fails to pay the note at maturity, and it is sued to judgment, and a deed from the lender made to the borrower and recorded in the clerk's office and the land levied upon, and such land is claimed by third persons, proof that the defendant had title when he made the deed to the plaintiff, or that he was in possession of the land at that time, is sufficient to make out a prima facie case against the claimant in favor of the plaintiff in fi. fa. While the deed conveys title, it is analogous in many respects to a mortgage, and as to this matter the law is the same See Morris v. Winkles, 88 Ga. 717. If the law were otherwise, it would be possible for one in possession of land to borrow money upon it, sell to some one else, and move away, and for the lender then to lose his debt because he could not prove that the borrower was in possession at the date of the judgment or levy.

4. There was a motion to dismiss the levy on the ground that the description therein of the land was insufficient. We think that the description was sufficiently definite and certain, and that there was no error in overruling the motion to dismiss.

5. Objection was made to the admission of certain evidence,

and exception taken to the overruling of the objections.    We think the evidence was admissible under established rules of evidence, and that a discussion of the questions made would be without value.                    *Judgment affirmed.    By five Justices.*