## WILKINSON, cashier, *et al.* v. HOLTON.

1. A plaintiff who asks the aid of a court of equity to relieve him from an alleged unjust and oppressive levy, but admits that part of the sum covered by the execution is justly due by him to the defendant, must, to prevail, offer to do equity by paying into court the amount admitted to be due.
2. A debtor who has had his day in court will not be heard, after judgment,

to attack the levy of the execution on the ground that his debt was infected with usury.

3. An execution in rem against specific property may properly be levied on the entire property covered thereby, though the value of the property greatly exceed the amount of the execution. Aliter as to a sale under such a levy, where the property is susceptible of division.

Argued January 27, — Decided February 16, 1904.

Injunction. Before Judge Roberts. Wilcox superior court. October 20, 1903.

*Hal Lawson* and *J. L. Bankston,* for plaintiffs in error, cited Civil Code, §§ 3924, 5432; 105 *Ga.* 21; 71 *Ga.* 25; 97 *Gq.* 755; 79 *Ga.* 790; 66 *Ga.* 102; 111 *Ga.* 120; 107 *Ga.* 826; 30 L. R. A. 137; 1 Pom. Eq. Jur. § 385; Bisp. Eq. § 43; Story's Eq. § 640; 15 S. E. 243.

*E. D. Graham* and *T. L. Holton,* contra, cited Civil Code, §§ 4913, 4915; 101 *Ga.* 276.

CANDLER, J. The plaintiff below brought an equitable petition in Wilcox superior court, to enjoin the defendants, one of whom was the cashier of a bank and the other the sheriff of the county, from "selling, offering for sale, or advertising for sale" certain property which had been conveyed by the plaintiff to the bank cashier as security for a debt, and which had been levied on to satisfy judgments obtained for the unpaid balance of that debt. The petition also prayed that Wilkinson, the cashier, be required to account to the plaintiff, and for a judgment against him for damages on account of the levy. The grounds on which equitable interference was asked were, that the debt to secure which the property levied on was conveyed to Wilkinson was infected with usury, and that the levy was grossly excessive. The plaintiff admitted that he owed an unpaid balance on his debt, amounting to more than $400; but his petition contained no offer to do equity by paying into court the amount admitted to be due. The defendants demurred generally and specially. At the hearing evidence was introduced on both sides, and the court "ordered that defendants be restrained and enjoined from proceeding to advertise and sell said property levied on, upon the ground that said levy is excessive. Further ordered that the defendants may dismiss said levy and levy upon a sufficiency of said property and sell same to pay said executions, provided said levy shall not be excessive." The defendants excepted.

There can be no doubt that the judgment complained of was erroneous. Coming into court, as he did, with the admission of an unpaid indebtedness by him to Wilkinson, the plaintiff could only properly invoke the aid of equity after an offer to do equity and pay off that indebtedness. It is unnecessary to cite authority to sustain the well-established proposition that he was precluded, by the judgments against him, from setting up usury in the debt covered by those judgments. The court below seems to have based the judgment rendered on the sole ground that the levy was shown to have been excessive; but in the present case that furnished no reason for the grant of an injunction. We know of no provision of law by which a levy can be made on a part only of property which has been conveyed by deed to secure a debt. The contract between the parties, as well as the statute governing it, contemplates that the entire property pledged shall be liable for the payment of the debt. In *Vickers* v. *Hawkins*, 111 *Ga.* 120, it was held "that an execution in rem against certain specific property may properly be levied upon that property, and that the levy will not be void for excessiveness though the value of the property be far greater than the amount of the execution." We would not be understood as holding that upon a sale under the levy it would be necessary to sell the entire property levied on. On the contrary, in a case like the present, where the property is easily susceptible of division, it would be the duty of the sheriff to expose it for sale in parcels, in such a way as to discharge the amount due on the executions with as little loss to the plaintiff in the present action as possible. This, however, is a matter not now before us. The judgment complained of was erroneous, and must be reversed.

*Judgment reversed. All the · Justices concur, except Simmons, C. J., absent.*