PERKINS *v.* BOARD OF DRAINAGE COMMISSIONERS *et al.*

1. Owners of land assessed for the construction of drainage improvements, who neglect or fail to pay the full amount of their assessments to the county treasurer within the specified time, shall be deemed as consenting to the issuing of drainage bonds, and, in consideration of the right to pay their assessments in installments, they thereby waive their right to any defense against the collection of the assessments because of irregularity, illegality, or defect in the proceedings prior to that time, with exceptions not applicable to the facts in this case.

2. The levy was not void on account of being excessive, and the court did not err in refusing to grant the interlocutory injunction.

                    No. 792. AUGUST 13, 1918.

Equitable petition. Before Judge Cobb. Banks superior court. January 5, 1918.

*John J. & Roy M. Strickland,* for plaintiff.

*W. W. Stark* and *S. R. Jolly,* for defendants.

GILBERT, J.   Logan Perkins filed án equitable petition against "the Board of Drainage Commissioners of the First District" of Banks County, alleging, in substance, that said board had procured a contractor to construct a drainage canal through designated lands of petitioner; that the contractor had not completed the work as specified in the contract, and by reason thereof the land of petitioner was being damaged; that petitioner was the official superintendent of construction appointed by the drainage commission, and as such had reported the failure of the contractor, as above stated; that notwithstanding this the drainage commissioners had paid the contractor in full compliance with the contract, and had caused to be issued and levied upon the land of petitioner a drainage-tax fi. fa. for the purpose of paying off the bonds due the contractors in payment for their work, in the sum of $95.32 upon 50.40 acres of land, being the land through which the canal was constructed; that the value of the land was more than $100 per acre; that the sheriff was advertising said land for sale; that under the statute the board has authority to complete said canal and to put and keep it in condition, and unless this is done the petitioner should not be required to pay anything; that petitioner has no authority in the premises; that the levy is defective and void, because the land is not sufficiently described; and because it is excessive; that the advertisement is likewise deficient; and that petitioner is remediless except in a court of equity.   The prayers are that the defendants be enjoined from collecting any sum from

petitioner until the work has been completed and the obstructions removed from the canal; that the commissioners, the sheriff, and the tax-collector of the county each and all be enjoined from proceeding with the collection of the amount; for general relief and process. The drainage commissioners demurred and answered; the sheriff and tax-collector did not appear. At the interlocutory hearing the court revoked the restraining order previously granted, and refused an ad interim injunction. The plaintiff excepted.

1. Owners of land assessed for construction of such improvements, who neglect or fail to pay the full amount of their assessments to the county treasurer within the specified time, shall be deemed as consenting to the issuing of drainage bonds, and, in consideration of the right to pay their assessments in installments, they thereby waive their right to any defense against the collection of the assessments because of irregularity, illegality, or defect in the proceedings prior to that time (Acts 1911, pp. 108, 128, sec. 33; Park's Ann. Code, § 439 (gg)), with specified exceptions not applicable to the facts in this case. Under the pleadings, therefore, the only basis claimed for resisting the collection of the amount assessed against petitioner is the failure of the contractor to complete the work as specified and agreed upon, and that the levy is excessive. The allegations in regard to insufficient description of the land in the fi. fa. and in the advertisement, not being referred to in the brief of plaintiff in error, are considered as abandoned. As to the availability of a suit for injunction, see Elliott on Roads & Streets (3d ed.), § 772.

2. The law provides, that "the cost of drainage shall be assessed against the several tracts of land according to the benefit received." Acts 1911, pp. 108, 127, sec. 31; Park's Code, § 439 (ee). The lien being in rem, the levy is not void. The assessment upon the property for the purpose of paying for the improvement thereon is not taxation in the ordinary sense. 37 Cyc. 710, 895; 5 C. J. 819. The expression in *Wilkinson* v. *Holton,* 119 *Ga.* 557 (46 S. E. 620), as to the sale by subdivision was purely obiter. *Howland* v. *Donehoo,* 141 *Ga.* 687, 691 (82 S. E. 32, L. R. A. 1917B, 513).

3. The court did not err in refusing to grant the interlocutory injunction. See *Almand* v. *Board of Drainage Commissioners,* 147 *Ga.* 532 (94 S. E. 1028).

*Judgment affirmed. All the Justices concur.*