## SIMON *v.* SIMON.

No. 12053. JANUARY 15, 1938.

*Henry T. Chance Jr.,* and *Roy V. Harris,* for plaintiff.
*Curry & Curry,* for defendant.

HUTCHESON, Justice. Upon a properly verified petition of T. Clarence Simon against Mrs. Beulah Eloise Simon, widow of John S. Simon, deceased, alleging that by oral contract and the performance thereof petitioner is the adopted son of defendant and deceased, and seeking to restrain the defendant from disposing of

any of the estate, and to enjoin the defendant's application for year's support, on the ground that the return of the appraisers was excessive, the court issued a temporary restraining order. At interlocutory hearing before the appearance term, the affidavits introduced in evidence by both parties related only to the alleged contract of adoption. At the close of the evidence the court denied an interlocutory injunction in so far as the petition sought to enjoin the year's-support proceeding, and granted an interlocutory injunction restraining the defendant from disposing of any property of the estate other than such as may be set apart for year's support. No exception was taken by the defendant to that part of the order granting an interlocutory injunction. The petitioner excepted to that part of the order denying an interlocutory injunction.

While, under the decisions in *Hicks* v. *Portwood,* 129 *Ga.* 307 (3), 309 (58 S. E. 837), *Roberts* v. *Roberts,* 180 *Ga.* 671 (3) (180 S. E. 491), and *Atlantic Coast Line Railroad Co.* v. *Gunn,* 185 *Ga.* 108 (194 S. E. 365), the positively verified allegations of fact relating to the year's support were evidence before the court without being formally introduced as such upon the hearing, yet where, as in the instant case, there was no aliunde evidence in support of such allegations, this court will not control the exercise of the discretion of the trial court in denying an interlocutory injunction under such circumstances. See *Tarver* v. *Silver,* 180 *Ga.* 124, 129 (178 S. E. 377). *Judgment affirmed. All the Justices concur.*