CLARKE *et al. v.* MAYOR & COUNCIL OF MILLEN.

No. 12349. November 23, 1938.

*C. G. Reynolds,* for plaintiffs. *Dekle & Dekle,* for defendant.

Duckworth, Justice. The Millen street-improvement act approved August 19, 1927 (Ga. L. 1927, p. 1404), authorizing the mayor and council of the City of Millen to "grade, pave, macadamize, drain or otherwise improve any street," etc., declares that the mayor and council, after publication of a resolution and failure of a majority of property owners to file a protest in writing, "shall have power to cause said improvement to be made and to contract therefor, and to levy assessments or liens provided for;" that the "lots, pieces, or parcels of land fronting and abutting on both sides of said improvements shall be charged with the cost thereof;" that the mayor and council shall have power to pass ordinances, etc., "as may be necessary to require the owners of all property subject to assessment to pay the cost of such improvement," and that the cost of sewer, gas, and water connections "shall be taxed against such property . . and made a part of the general assessment;" that after the cost is ascertained it shall be the duty of a named committee "to appraise and apportion the cost and expenses of the same to the several tracts of land abutting on said improvements;" that "assessments in conformity to said appraisement and apportionment as confirmed by council [after notice by advertisement] shall be payable in ten equal installments," etc.; that "the said mayor and council shall by ordinance levy assessments in accordance with said appraisement and apportionment as so confirmed

against the several tracts of land liable therefor;" that "said ordinance shall also provide that the owner of the property assessed shall have the privilege of paying the amounts of their respective assessments within thirty days from the date of the passage of said ordinance," to avoid the payment of interest; that the assessment and interest thereon "are hereby declared to be a lien against the lots and tracts of land so assessed;" that it shall be the duty of the treasurer, "in cases of default of payment of such installment or assessment with interest, to issue an execution against the lot or tract of land assessed for such improvement *or against the party or persons owning the same,* for the amount of such assessment with interest," and that the levying officer "shall levy the same upon the adjoining real estate liable for such assessment and previously assessed for such improvement." *Held:*

1. Assessments made for improvements under the act and in strict conformity therewith are charges against the land, and not merely charges against the interest of some person in the land. An execution issued pursuant to the terms of the act for the collection of an assessment properly made, which commands the levying officer "that of the following lands and tenements of" a named person, "to wit" (and then describes the land assessed), he cause to be made the sum of the execution as an assessment for paving under the act, and further commands him to sell "the said real estate or so much thereof as shall be sufficient to satisfy and pay said installment," etc., is an execution in rem, and not an execution in personam. That portion of the act italicized above, when construed with the act as a whole and in connection with that portion of the same section that the levying officer "shall levy the same" on the land assessed, is merely for the purpose of identification and further description of the land itself, and not the interest against which the execution issues, and does not authorize the issuance of an execution in personam. See *Hayden* v. *Atlanta,* 70 *Ga.* 817, 822; *Brumby* v. *Harris,* 107 *Ga.* 257, 258 (33 S. E. 49); *Norman* v. *Moultrie,* 157 *Ga.* 388 (2) (121 S. E. 391); note in 35 L. R. A. 58; 25 R. C. L. 93, § 8; Id. 172, §§ 86, 87; 44 C. J. 802, § 3407; Id. 877, § 3586.

2. While, as to common-law executions, executions in rem as to the interest of a particular person or persons in the property, and general executions for taxes, "the officer making the levy shall

enter the same on the process by virtue of which such levy is made, and in such entry shall plainly describe the property levied on and the amount of the interest of defendant therein" (Code, § 39-103; *Byars* v. *Curry*, 75 *Ga.* 515), and a sale under levy of such an execution will pass title only to the interest of the defendant named in the entry, or the interest specified (*Andrews* v. *Murphy*, 12 *Ga.* 431; *Logan* v. *Goodall*, 42 *Ga.* 95 (4); *Simms* v. *Phillips*, 51 *Ga.* 433; *Bledsoe* v. *Willingham*, 62 *Ga.* 551), yet where, as in the instant case, the proceeding and execution is one against the land itself, and not against any one person or persons or their interest therein, and the naming of a person in the execution as the owner of the property is only for the purpose of identification and further description of the land itself, and not the interest or title levied on, it would seem that the officer would be under no duty to levy on the property as the property of the person named in the execution, or to specify his interest in the property levied on, and that a recital in the entry of levy, which recital the officer was under no duty to make, that the property was levied on as the property of the person named in the execution, would not legally affect the extent of the levy or the extent of the title sold thereunder. See *Kimsey* v. *Macon Lumber Co.*, 136 *Ga.* 369 (71 S. E. 675); *Williams* v. *Hart*, 65 *Ga.* 201; *Page* v. *Jones*, 186 *Ga.* 485 (7) (198 S. E. 63).

3. It follows that the sale in the instant case, made pursuant to a proper and legal proceeding and execution in rem against the property levied on, without regard to the interest of any person or persons therein, passed the entire title to the land sold, and conveyed whatever interest the owners may have had therein. See *McPhee* v. *Veal*, 76 *Ga.* 656; *Gross* v. *Taylor*, 81 *Ga.* 86 (6 S. E. 179); *McLeod* v. *Brooks Lumber Co.*, 98 *Ga.* 253 (26 S. E. 745); 25 R. C. L. 183, § 96.

4. The sale of the particular tract of land involved on appeal not having been attacked, as was the sale of other tracts under other executions, on the ground that the levying officer failed to comply with the direction in the execution "to sell the said real estate or so much thereof as shall be sufficient to satisfy" the execution (*Wilkinson* v. *Holton*, 119 *Ga.* 557 (3), 46 S. E. 620; *Cooney* v. *Atlanta*, 136 *Ga.* 118 (3), 70 S. E. 950; *Howland* v. *Donehoo*, 141 *Ga.* 687, 82 S. E. 32, L. R. A. 1917B 513; *Wood* v. *Summerfield*,

185 *Ga.* 441, 195 S. E. 428; *Perkins* v. *Board of Drainage Commissioners,* 148 *Ga.* 292, 96 S. E. 418), and there being nothing in the record indicating that such an issue relating to the tract involved on appeal was submitted to the jury, other than evidence showing that the tract was incapable of subdivision because a building thereon extended the entire depth of the tract, this court will not pass upon such issue.

5. The above rulings dispose of all questions made upon exceptions to the overruling of the motion for new trial of the three plaintiffs, tenants in common of the land in controversy, who were seeking to have the sales of several tracts declared ineffective to pass title of two of the plaintiffs, who were not named as owners in the executions, and the sale of other parcels not here involved set aside on the ground stated in paragraph 4, supra. The judge did not err in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur.*