# HEATON *v.* HAYES.

No. 12794.　September 14, 1939.

*Boykin & Boykin,* for plaintiff in error. *Willis Smith,* contra.

ATKINSON, Presiding Justice. 1. The motion for a new trial complains of the admission of evidence over "objection" of the claimant, without at the same time stating to the judge the ground of objection. This assignment of error does not properly present any question for decision. *Eastmore* v. *Bunkley,* 113 *Ga.* 637 (39 S. E. 105) ; *Pusser* v. *Thompson,* 147 *Ga.* 60 (2) (22 S. E. 866) ; *Hill* v. *State,* 148 *Ga.* 521 (2) (97 S. E. 442).

2. Testimony of the claimant as to his conversation with the father (since deceased) of the plaintiff, to the effect that plaintiff had given him permission to purchase lumber on her account, and that he admitted receipt of sufficient lumber to pay the debt and stated to claimant that he would pay it to her—without proving agency of the father,—was merely hearsay and incompetent 'as against the plaintiff.

(*a*) The fact that plaintiff knew that claimant was delivering lumber to her father, who was a lumber merchant, was insufficient to show agency to buy lumber on her account.

(*b*) Such testimony of the claimant would not be admissible to rebut the testimony of the plaintiff, brought out on cross-examination by the attorney for the claimant.

(*c*) The mere fact that the objections urged to admissibility of the evidence are inappropriate or insufficient is not cause for reversal of the judgment ruling it out.

(*d*) There was no merit in the ground of the motion for a new trial to which the foregoing applies.

3. "In cases where a deed to secure a debt has been executed,

and the . . debt has been reduced to judgment by the payee, . . the holder of the legal title . ; shall . . make and execute to said defendant in fi. fa. . . a quitclaim conveyance to such real . . property, and file and have the same recorded in the clerk's office; and thereupon the same may be levied upon and sold as other property of said defendant, and the proceeds shall be applied to the payment of such judgment." Code, § 67-1501. "Upon the trial of all claims provided for in this chapter, the burden of proof shall lie upon the plaintiff in execution in all cases where the property levied on is, at the time of such levy, not in possession of the defendant in execution." § 39-904. "The officer making a levy shall enter the same on the process by virtue of which such levy is made, and in such entry shall plainly describe the property levied on and the amount of the interest of defendant therein." § 39-103.

(*a*) In the case of a levy upon land, made in pursuance of the mandate of the court directing the sale of specific property under a final judgment of foreclosure against the defendant, the levying officer has no discretion, but his duty is to levy on the specific property to pay the judgment; nor would he be authorized in the seizure of any person's interest in the property except that of the defendant. *Thornton* v. *Ferguson,* 133 *Ga.* 825 (67 S. E. 97, 134 Am. St. R. 226). Consequently an entry of levy by the officer upon an execution against specific property "only," based on a judgment of foreclosure of a security deed, rendered against the executrix of the estate of the grantor (since deceased), is not void on the ground that it states that the property was levied upon as the property of the named executrix, rather than that it was levied in her representative capacity. See also *Faircloth* v. *Taylor,* 147 *Ga.* 787 (95 S. E. 689) ; *Clarke* v. *Millen,* 187 *Ga.* 185 (2), 186 (200 S. E. 698) ; 23 C. J. 456, § 258.

(*b*) When a person executes a deed as security for debt, and fails to pay the note at maturity, and it is sued on to judgment, and a deed from the lender to the borrower is executed and recorded in the clerk's office, and the land is levied on, and is claimed by a third person, proof that the defendant had title when he made the deed to the plaintiff is sufficient to make out a prima facie case against the claimant in favor of the plaintiff in fi. fa., notwithstanding the entry of levy stated the claimant was in possession at the

time of the levy. *Ford* v. *Nesmith,* 117 *Ga.* 210, 213 (43 S. E. 483) ; *American National Bank* v. *Lee,* 124 *Ga.* 863 (53 S. E. 268).

4. "The burden of proof generally lies upon the party asserting or affirming a fact and to the existence of whose case or defense the proof of such fact is essential. If a negation or negative affirmation be so essential, the proof of such negative lies on the party so affirming it." Code, § 38-103. On the issue as to payment alleged in the equitable amendment to the statutory claim, the burden of proof was on the claimant.

5. On application of the principles stated in divisions 3 and 4, supra, and under the pleadings and the evidence in the instant case, especially in view of the equitable amendment in aid of the claim, the following charge, if erroneous, was not cause for a new trial: "When this levy was made, after the levy was made on the 9th day of June, 1937, J. L. Heaton filed his claim to the property levied upon, in which he contends that the property levied upon is not the property of Mrs. E. J. Kaylor, as executrix of the estate of E. J. Kaylor, but he says that the property levied upon is the property of claimant, J. L. Heaton. . . Now, gentlemen, the burden in the first instance, is on the plaintiff in fi. fa., Mrs. R. G. Hayes, who is now Mrs. Lee Garrett. When she has introduced in evidence the execution which I have described to you, with the entry of the levying officer, that makes out a prima facie case in her favor. The burden then shifts to the claimant, J. L. Heaton, to show some reason why the fi. fa. should not proceed and the money made out of the sale of the property, under this levy."

6. The evidence was sufficient to support the verdict, and there was no error in refusing a new trial.

*Judgment affirmed. All the Justices concur.*