PRITCHETT *v.* PAYNE, receiver.

No. 14146.   MAY 27, 1942.   REHEARING DENIED JUNE 15, 1942.

*Hamilton Kimzey, Frank Jackson Adams Jr.,* and *Herbert B. Kimzey,* for plaintiff in error. *J. B. G. Logan,* contra.

DUCKWORTH, Justice. ■ Questions not made in the record can not be considered by this court, although argued and insisted on. Counsel for the plaintiff in error, in their briefs filed in this court, question the right of the defendant receiver to proceed with the sale, upon several grounds. However, the record discloses that neither by the pleadings nor by the evidence was any one of these questions raised in the lower court. It is settled by numerous decisions of this court that such questions can not be raised for the first time here. *Sanders Manufacturing Co.* v. *Dollar Savings Bank,* 110 *Ga.* 559 (3) (35 S. E. 777); *Hood* v. *Griffin,* 113 *Ga.* 190 (38 S. E. 409); *Denny* v. *Broadway National Bank,* 118 *Ga.* 221 (3) (44 S. E. 982); *Heyward* v. *Hatfield,* 182 *Ga.* 373 (2) (185 S. E. 519); *Clarke* v. *Millen,* 187 *Ga.* 185 (4) (200 S. E. 698).

■ Under the sworn pleadings in this case the issue raised was whether or not, by certain transactions with the deceased grantee in the security deed, the intervenor (the grantor) had satisfied the indebtedness which the deed secured. The receiver of the estate of the deceased grantee denied that the indebtedness had been paid, and alleged that for want of information he could neither admit nor deny the allegations with reference to the alleged transactions had with the deceased grantee. This answer was sufficient to raise an issue as to the truth of the intervenor's allegations, because the transactions referred to were not such as would necessarily come within the knowledge of the receiver. Outside of her sworn plead-

ings, the evidence upon the hearing was clearly insufficient to support the intervenor's contentions that the indebtedness had been paid. While witnesses testified that the grantee boarded with intervenor as she contended, there was nothing to show that his board was not paid. Two witnesses testified that the grantee told them that he had deeded the place to the intervenor, but she does not contend that he executed a deed to her. This court will not control the discretion of the judge in denying an interlocutory injunction where the only evidence for the petitioner on the disputed issues of fact raised by the pleadings consists of her sworn petition. *Davis* v. *Griswell,* 179 *Ga.* 342 (175 S. E. 909); *Spivey* v. *Pope,* 180 *Ga.* 609 (180 S. E. 118); *Simon* v. *Simon,* 185 *Ga.* 385 (195 S. E. 430). Thus in this case, whether or not the allegations with reference to transactions with the deceased grantee could properly be considered by the judge, they did not demand a grant of the relief sought.

The order of the judge does not show, as contended by the plaintiff in error, that the judge failed to exercise a proper discretion in denying the injunction. After stating that he had carefully considered the complaint and the evidence adduced on the hearing, his order recited: "The evidence being insufficient to support the allegations of the petition, it is thereupon considered, ordered and adjudged that the injunction prayed for be and the same is denied as prayed." It is contended that the quoted language shows that the judge was of the erroneous opinion that the sworn allegations of the petition could not be considered as evidence in support thereof. Where it clearly appears from the order that the judge failed to exercise any discretion whatever in refusing an interlocutory injunction, or placed his refusal upon an erroneous ruling of law, the judgment is erroneous and will be reversed (*Marion County* v. *McCorkle,* 187 *Ga.* 312 (2), 200 S. E. 285); but the failure of the judge to properly exercise the discretion vested in him by law must clearly appear from the language of the order. The portion of the order under attack appears to be no more than a finding of the judge on the issues of fact, based upon which he denied an injunction.

*Judgment affirmed. All the Justices concur.*