.MURRAY *v.* THE STATE.

BELL, Chief Justice. 1. While it is declared in the Code, § 38-1708, that, "Where the question under examination, and to be decided by the jury, shall be one of opinion, any witness may swear to his opinion or belief, giving his reasons therefor," this provision does not authorize a party to elicit an opinion of a nonexpert witness based on a fact or condition as to which the witness himself has not testified. Accordingly, ·upon

the trial of the instant murder case, in which the defendant urged the defense of insanity, the court did not err in excluding the following question, propounded to a witness for the State on cross-examination, "Do you think a man that would go to your house with his gun perfectly sober you would say looking for his wife, acting like he did there, is a man of good sense?" since the question assumed that the defendant was perfectly sober, whereas the witness had testified that he "seemed to be drinking." *Sanderlin* v. *Sanderlin*, 24 Ga. 583 (1); *Thompson* v. *Ammons*, 160 *Ga.* 886 (1) (129 S. E. 539). See also, in this connection, *Brunswick & Birmingham R. Co.* v. *Hoodenpyle*, 129 *Ga.* 174 (6) (58 S. E. 705); *Heaton* v. *Hayes*, 188 *Ga.* 632, 633 (2c) (4 S. E. 2d, 570).

2. Error was assigned upon the following charge to the jury: "In other words, gentlemen, if the defendant had sufficient reason to distinguish between right and wrong, he is criminally responsible. The law presumes all persons to be of sound mind and memory, and that the burden is upon the accused to rebut that presumption by a preponderance of the evidence, but not beyond a reasonable doubt." *Held*, that this charge was not erroneous, either because it did not define preponderance of evidence, or because it did not state in terms that the burden was on the defendant to rebut such presumption of sanity, not beyond a reasonable doubt, but to the reasonable satisfaction of the jury, by a preponderance of the evidence; and especially is this true, since the court further charged the jury that, if all the facts and circumstances were sufficient to generate in their minds a reasonable doubt as to the sanity of the accused at the time of the alleged homicide, they should give him the benefit of such doubt and acquit him. *Currie* v. *State*, 156 *Ga.* 85 (3) (118 S. E. 724); *Barker* v. *State*, 188 *Ga.* 332 (2) (4 S. E. 2d, 31); *Minder* v. *State*, 113 *Ga.* 772 (3) (39 S. E. 284). This ruling accords with the decisions in *Beck* v. *State*, 76 *Ga.* 452 (7), *Keener* v. *State*, 97 *Ga.* 388 (3) (24 S. E. 28), *Allams* v. *State*, 123 *Ga.* 500 (1) (51 S. E. 506), and *Lively* v. *State*, 178 *Ga.* 693 (6), 699 (9) (173 S. E. 836), cited for the plaintiff in error. See especially *Thompson* v. *State*, 191 *Ga.* 222 (4) (11 S. E. 2d, 795), as to "reasonable satisfaction of the jury."

3. Under the facts of the instant case, the following charge, "Justifiable homicide is the killing of a human being in self defense or in defense of one's person or habitation against one who manifestly intends or endeavors, by violence or surprise, to commit a felony upon such person," was not erroneous, as insisted, upon the ground that it limited the defendant to a defense of his person, whereas under the Code, § 26-1011, the defendant had the right to defend against the commission of a felony upon his habitation, property, person, or "either." The defendant made no statement to the jury, and there was no evidence that the officers (a sheriff and a county policeman) killed by the defendant went to the defendant's home for any purpose other than to arrest him under a valid warrant, or that they committed or threatened to commit any injury to habitation or property or even to person; and this being true, the fact that the judge, in his charge to the jury (on the trial for killing the sheriff), used the phrase "upon such person" instead of the phrase "or either," as contained in the Code, can not be taken as afford-

ing the defendant any ground of complaint. *Dill* v. *State*, 106 *Ga.* 683 (4) (32 S. E. 660); *Green* v. *State*, 153 *Ga.* 215 (4) (111 S. E. 916); *Ward* v. *State*, 184 *Ga.* 566 (2) (191 S. E. 2d, 916); *Turner* v. *State*, 190 *Ga.* 316 (9 S. E. 2d, 270); *Cady* v. *State*, 198 *Ga.* 99, 112 (12) (31 S. E. 2d, 38).

(*a*) Nor was the doctrine of reasonable fears involved, under any phase of the evidence.

(*b*) Under the preceding rulings, there was no merit in ground 6 of the motion for new trial, complaining of the charge on justifiable homicide, as quoted, supra, or in grounds 7 and 8, complaining of omissions to charge. The case differs materially on its facts from *Smith* v. *State*, 106 *Ga.* 673 (4) (32 S. E. 851, 71 Am. St. R. 286), and *Palmour* v. *State*, 116 *Ga.* 269 (42 S. E. 512).

4. The killing of an arresting officer to avoid being taken into custody, knowing or having reasonable ground to believe that he is an arresting officer and that his object is to make a lawful arrest, is murder; but if it is done "suddenly, without knowledge of his purpose or official character, and without malice, it is manslaughter. Belief, or reasonable grounds of belief, would be equivalent to knowledge." *Croom* v. *State*, 85 *Ga.* 718 (1) (11 S. E. 1035, 21 Am. St. R. 179); *Snelling* v. *State*, 87 *Ga.* 50 (13 S. E. 154); *Morton* v. *State*, 190 *Ga.* 792, 799 (1a) (10 S. E. 2d, 836); *Mullis* v. *State*, 196 *Ga.* 569, 577 (3) (27 S. E. 2d, 91).

(*a*) In this case the evidence as a whole, including testimony as to statements voluntarily made by the defendant before and after the homicides, showed without dispute that he either knew or had reasonable ground to believe that the persons killed by him were arresting officers and that they had come to his home for the sole purpose of lawfully arresting him. Accordingly, the offense of voluntary manslaughter was not involved, and the judge did not err in failing to charge the law applicable to such offense.

5. The testimony of the son of the deceased sheriff, with respect to a confession, was sufficient to authorize a finding that the confession was freely and voluntarily made, and the court did not err in refusing to exclude such testimony. *Hinson* v. *State*, 152 *Ga.* 243 (2) (109 S. E. 661); *Bradberry* v. *State*, 170 *Ga.* 859 (4) (154 S. E. 344); *Simmons* v. *State*, 181 *Ga.* 761 (4, 5) (184 S. E. 291). The record does not support the contention that the witness testified that the accused was "scared."

6. Under the evidence, the jury were authorized to find against the defense of insanity. The evidence was sufficient to support the verdict, and the court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur.*

No. 15487. SEPTEMBER 5, 1946.

214

*T. H. Kirkland* and *L. C. Anderson,* for plaintiff in error.

*Eugene Cook, Attorney-General, W. H. Lanier, Solicitor-General, Hugh R. Kimbrough, Roscoe Thompson, Assistant Attorney-General* and *Rubye G. Jackson,* contra.