## GEORGIA & FLORIDA RAILWAY *v.* SWAIN, administratrix.

FISH, C. J.    1. An action for land, brought by the administratrix of a deceased grantee in a deed, based the right of recovery of the premises described, from the grantor's successors, on the following clause (after describing the land conveyed as being all of two given lots of land owned by the grantor, situate in a named county), to wit: "Said [grantor] reserving unto itself, its successors or assigns, in fee simple, a right of way one hundred feet in width, that is, fifty (50) feet on each side of its present tramroad through above lands, for tramroad

52

and railroad purposes, and as well one acre at the end of the present tramroad where it joins the right of way of the Southern Railroad, and 'Y' connections with said Southern Railroad on each side of said one acre, the said one acre to be computed as part of the land necessary to make said 'Y' connections." *Held:* Giving effect to the intention of the parties as shown from the instrument as a whole, properly construed, this clause reserves in the grantor merely an easement, and does not constitute an exception from the operation of the conveyance a described parcel of land owned by the grantor. The words "fee simple" are descriptive of the extent of duration of the enjoyment of such easement. See *L. & N. R. Co.* v. *Maxey*, 139 *Ga.* 541 (77 S. E. 801), and cases cited.

2. The allegations of the petition and of the amendment as to the abandonment of the easement were sufficient to withstand the defendant's general demurrer, and the court properly overruled the same.

*Judgment affirmed. By five Justices, all concurring.*

SEPTEMBER 14, 1916.

Complaint for land. Before Judge Highsmith. Jeff Davis superior court. March 25, 1915.

*W. H. Barrett, J. W. Quincey, Dell & Wilcox,* and *J. E. Harper,* for plaintiff in error.

*Gordon Knox* and *J. M. Swain Jr.,* contra.