## ROGERS v. PITCHFORD.

No. 10982. FEBRUARY 20, 1936. REHEARING DENIED MARCH 14, 1936.

*Wheeler & Kenyon,* for plaintiff.

*H. T. Oliver* and *Joseph G. Collins,* for defendant.

GILBERT, Justice. L. L. Rogers filed an equitable petition against Ed Pitchford, alleging ownership of certain described realty, setting out his chain of title, alleging certain trespasses by the defendant, and asking for injunction and other relief. The defendant filed an answer denying that the petitioner had title, and by cross-action alleging title in himself, and asking for injunctive relief. On the trial it was agreed by both sides that E. W. O'Kelley was the common propositus, and they further stipulated: "The parties agree that the rightful decision of this case turns on the construction of the deed from E. W. O'Kelley to the railroad, under the facts stated in this bill of exceptions. If the deed from O'Kelley to the railroad conveys only an easement, then the property therein described was not acquired by the plaintiff Rogers, and the judge was right in refusing an injunction in Rogers' favor. On the other hand, if said deed from O'Kelley to the railroad conveyed a fee-simple title to the railroad company, then the plaintiff Rogers has title to the property therein described, and the judge erred in refusing the injunction." The deed in question reads as follows: "This indenture made and entered into this 12th day of August, 1913, by and between E. W. O'Kelley, party of the first part, and Gainesville & Northwestern Railroad Company, party of the second part, witnesseth, that for and in consideration of the sum of $1.00, and the benefits accruing to me from the construction of the Gainesville & Northwestern Railroad Company, the said E. W. O'Kelley hereby transfers, sells, and conveys to the Gainesville & Northwestern Railroad Company the following described property, to wit: a strip of land through the property of E. W. O'Kelley, known as the E. W. O'Kelley home place in Hall County, Ga., where the said railroad track is now constructed, measuring fifty (.50) feet

each way from the center of the main line, for a railroad right of way. The said E. W. O'Kelley further sells and conveys to the party of the second part all that strip of land lying west of the railroad-track and east of the Gainesville & Cleveland public road and adjoining the depot grounds, bounded on the north by lands of B. L. Gamlin, on the west by Gainesville & Cleveland public road, and on the east by said railroad right of way. Reserving the right to cultivate any of the above-described land until needed for railroad purposes, depot, warehouses, or building purposes."

It was further agreed by both sides that when E. W. O'Kelley made the above-mentioned deed he owned in fee simple all the land described therein, it being a part of his home place and farm; that immediately after acquiring the deed to the property the Gainesville & Northwestern Railroad Company built its line of railroad on the property and built its depot on the tract conveyed for depot purposes, and began operations as a railroad and continued these operations until about 1933; that the railroad and its successors have permanently abandoned the use of the said property for railroad purposes, and that the railroad property has been sold under a decree of the United States district court, with the right to the purchaser to dismember it and discontinue to operate the railroad; that the rails and ties have been taken up and moved and the property permanently abandoned as railroad property; that the petitioner is the successor in title to the railroad company, and now owns and holds all title to the property described in the deed from E. W. O'Kelley to the railroad company that the said company had, after abandoning the use of the said property for railroad purposes and taking up and removing the track and ties from the described lands; that the defendant Pitchford is the successor in title and stands in the place of E. W. O'Kelley as to all of the 100-foot right of way described in the deed from O'Kelley to the railroad company that is located south of the public road, the rest of the 100-foot right of way described in the deed from O'Kelley to the railroad company and on a part of which property the depot is located, and also that the land lying between the public road and the railroad right of way, described in the deed from O'Kelley to the railroad company and containing about one acre and known as the one-acre tract, was

excluded from the deeds to Pitchford. The court refused an injunction, and Rogers excepted.

The deed from O'Kelley to the railroad company, properly construed, conveyed only an easement. *Atlanta, Birmingham & Atlantic Railway Co.* v. *County of Coffee, 152 Ga.* 432 (110 S. E. 214); *Duggan* v. *Dennard,* 171 *Ga.* 622 (156 S. E. 315). According to the agreement quoted in the foregoing statement, no other ruling is required. The court did not err in refusing an injunction. *Judgment affirmed. All the Justices concur.*

ON MOTION FOR REHEARING.

GILBERT, Justice. While the judgment of affirmance is adhered to, the ruling as then worded was misleading, and some of the words are now stricken out in order to make the ruling conform to the agreed statement mentioned. The original briefs of counsel on both sides showed a thorough study of practically all of the cases bearing on the question here involved. The court considered all of them, and on the motion for rehearing the cases have been re-examined. It is easy to be seen that no two of the conveyances employed exactly the same language. The margin of difference is very small, but different results naturally follow. It may be useful to quote from what was said in *Johnson* v. *Valdosta &c. R. Co.,* 169 *Ga.* 559, 563 (150 S. E. 845): "What is the test by which we determine whether a deed creates an easement in, or conveys title to, land? The crucial test is the intention of the parties. In arriving at the intention we must look to the whole deed, and not merely upon disjointed parts of it. The recitals in the deed, the contract, the subject-matter, the object, purpose, and the nature of restrictions or limitations, and the attendant facts and circumstances of the parties at the time of making the deed are to be considered. *G. & F. Ry. Co.* v. *Swain,* 145 *Ga.* 817 (90 S. E. 60); *Mayor &c. of Savannah* v. *Barnes,* 148 *Ga.* 317, 319, 321 (96 S. E. 625, 3 A. L. R. 419); *A., B. & A. Ry. Co.* v. *Coffee County,* 152 *Ga.* 432 (110 S. E. 214). The consideration of the deed under consideration was the substantial sum of $400. In this respect it differs from conveyances to railroad companies of rights of way based upon nominal considerations and of benefits to be derived by the grantors from the construction and operation of railroads over or through their lands." It will be noted that in that case the consideration was

$400, a substantial sum for the amount of land conveyed, and the court called attention to that fact as a circumstance to be considered. Also, in that case the conveyance was to the railroad, its successors and assigns, forever in fee simple; and the title was warranted against the claims of all persons whomsoever. In the present case the consideration is $1, and "the benefits accruing to me from the construction" of the railroad. The conveyance is not to "successors and assigns" of the railroad company. It is for a right of way. There is no warranty or mention of fee-simple title. There is a reservation of the right to farm on the land conveyed until needed for railroad purposes, etc. Under these facts the court is of the opinion that the judgment already rendered was correct. The movant cites *Tift* v. *Savannah, F. & W. Ry. Co.*, 103 *Ga.* 580 (30 S. E. 266), and *Lawson* v. *G. S. & F. Ry. Co.*, 142 *Ga.* 14, 16 (82 S. E. 233), as apparently having been overlooked by this court. The cases are very close, but there is sufficient difference in their facts and the provisions of the conveyances to differentiate them. The motion is denied.