The instrument under which the defendant claimed title conveyed a fee simple estate, and not a mere easement for railroad purposes, and the trial court erred in overruling the general demurrer to the petition.
 No. 16589. JUNE 13, 1949. REHEARING DENIED JULY 14, 1949.
R. L. Rogers, in his representative capacity as administrator of the estate of W. H. Bush, and Mrs. Beulah Ferguson Robinson, who alleged that she was one of the heirs at law of the deceased, filed suit in Barrow Superior Court against J. Roy Jackson, seeking to recover certain lands described in exhibits attached to the petition, and the rents therefrom. The plaintiffs alleged that W. H. Bush had executed two documents, one on May 25, 1881, and the other on November 17, 1884. These documents *Page 582 
were attached to the petition as exhibits "A" and "B," respectively, and read as follows:
"State of Georgia, Jackson County: In consideration of the benefit and advantages to me accruing by the construction of the Gainesville, Jefferson Southern Railroad, as well as the receipt of ten dollars, to me paid, I have this day bargained and sold, and do hereby transfer and convey unto the Gainesville, Jefferson Southern Railroad Company, and its successors and assigns, all the land contained within one hundred feet in width on each side of its track, or roadbed (measuring from the center), of any portion of the lot of land hereinafter described through which said railroad may be constructed. The land hereby conveyed being that tract or parcel of land in said county and State, land on which I live, and any other land through which it may run belonging to me, bounded by lands of Z. B. Betts, W. E. Hill, W. J. Wright, John B. Betts, and others. To have and to hold said tract or parcel of land to the said railroad company, for railroad purposes, forever in fee simple. Witness my hand and seal, this 25th day of May, 1881. Signed, sealed and delivered [by] W. H. Bush (L. S.) in the presence of H. D. Jackson [and] N. J. Kelly. Georgia, Jackson County: Before me, J. D. Stanton, Notary Public, in and for the county aforesaid personally came and appeared N. J. Kelly, who being duly sworn deposeth and saith that the within named W. H. Bush executed and delivered the foregoing deed for the purposes therein mentioned in the presence of H. D. Jackson and this deponent who both subscribed the same as witnesses on the day of its date. [Signed] N. J. Kelly [and] Sworn and subscribed before me this 20th day of March A. D., 1890. [Signed] J. D. Stanton, N. P."
"Georgia, Jackson County: For and in consideration of ten dollars to me in hand paid, as well as in consideration of ten benefit to me arising from the location of a depot on my land at Jug Tavern, I hereby grant, bargain, sell and convey unto the Gainesville, Jefferson and Southern Railroad Company, and its successors and assigns a right of way of one hundred feet on each side of the center of its track through all the lands owned by me in the counties of Jackson and Walton in the State of Georgia, and I will and my heirs, executors and administrators shall the said bargained premises to the said railroad company, its successors *Page 583 
and assigns, forever warrant and defend against the claim of all persons whatever by virtue of these presents. In witness whereof, I have hereunto set my hand and seal on this the 17th day of November, 1884. [Signed] W. H. Bush (L. S.) Signed, sealed and delivered in the presence of: Lute L. Saunders [and] Alexander A. Hill, J. P. [and] Recorded November 24th, 1884, J. L. Williamson, C. S.C., Book U, Page 420."
The plaintiffs alleged that Mr. Bush, by said instruments, did not convey a fee-simple title to the land, but merely granted the railroad company an easement for a right of way for railroad purposes, and that under authority of an order of the Interstate Commerce Commission entered May 7, 1947, the Gainesville Midland Railroad Company, successor in title to the Gainesville, Jefferson Southern Railroad Company, abandoned that part of its railroad between Monroe, Walton County, Georgia, and Belmont, Hall County, Georgia, for railroad purposes, as well as all other purposes, by conveying to J. Roy Jackson its said right of way and station land, the said Jackson not owning or operating any locomotive equipment and not being authorized under law to do so, and by removing the rails and crossties, dismantling the bridges and trestles, and failing to maintain any railroad service, and allowing the roadbed to be so changed that it can not be used for railroad purposes, and that the defendant, J. Roy Jackson, went into possession of the properties covered by the conveyances executed by Bush, which are set out above.
The plaintiffs alleged that the title to said property was in them and that the defendant never acquired any title or interest in the property, for the reason that the instruments from Bush conveyed only an easement and that, upon the abandonment of the operation of the railroad line, the railroad company lost all right and interest in said lands. The yearly value of the property was alleged, and claim was made against the defendant for the rental since he had been in possession. It was further alleged that the plaintiffs were without remedy at law for the reason that the defendant had within his own knowledge the amount of rents and profits which he had received.
The plaintiffs filed an amendment to their petition, which was allowed, subject to objection and demurrers, on November 20, 1948, and by this amendment alleged that the property described *Page 584 
in the two conveyances from Bush was the same property; that it embraced a tract of land 200 feet wide extending through what was then the town of Jug Tavern, a mile and one-half, and embraced 36 acres of land; that the value of the land was at least $3600 at the time the conveyances were executed. The amendment further alleged that the only consideration Bush received was the ten dollars recited in the instrument and the anticipated benefits to him of having the depot of the railroad company located on his land; that neither Bush nor the railroad company intended or contemplated that the conveyance would do anything more than grant an easement for a right of way, and that neither party intended for the instruments to convey fee-simple title to the land. This amendment further alleged that the instrument referred to as exhibit "A," executed by Bush in 1881, was void for the reason that the railroad company at that time had no charter power to accept the conveyance or to construct or build a line of railroad through Jug Tavern where Bush's property was located, but this position was abandoned on the argument before this court and in the brief of counsel for the plaintiffs.
A second amendment to the petition was allowed, subject to demurrer and objections, on December 27, 1948. This amendment alleged that the railroad had not been constructed, nor any particular course marked out or selected for the right of way through the lands of Bush when the deed dated May, 1881, was executed and delivered.
The defendant demurred generally to the petition as originally filed. The grounds of demurrer were simply that the petition failed to set out a cause of action, and that no matter or thing of equity or equitable jurisdiction was shown, and that the plaintiffs were not entitled to any equitable relief.
After the amendment of November 20, 1948 was filed, the defendant renewed his demurrer to the petition as amended, and demurred to the several paragraphs of the amendment. The allegation in the amendment that the property conveyed by the two instruments was the same property was demurred to as being a conclusion, and further because the instruments themselves showed that one of them conveyed properties situated in both Jackson and Walton Counties, and the other land lying only in Jackson County. The allegation as to the consideration received *Page 585 
by Bush was demurred to specially as being a conclusion of the pleader for the reason that the instruments spoke for themselves.
The allegations in paragraphs 19 and 20 of the first amendment, setting out what Bush and the railroad company intended by these instruments, were demurred to as being conclusions of the pleader and for the reason that the instruments spoke for themselves and showed the intention of the parties.
The allegations of this amendment, to the effect that the Gainesville, Jefferson Southern Railroad Company had no charter power to receive or accept land or to construct a line of railroad through Jug Tavern where the property was located, were demurred to as being mere conclusions of the pleader, unsupported in fact or in law, for the reason that the charter of said railroad company was granted by an act of the legislature of Georgia appearing in the acts of 1872 (pages 333 to 336), which expressly showed that the railroad company did have authority to acquire these lands.
When the second amendment to the petition was allowed December 27, 1948, subject to objections and demurrer, the defendant again renewed his demurrer to the original petition and to the petition as amended upon each and all of the grounds set out in said demurrer, and upon the ground that the petition as amended showed on its face that the plaintiffs had no cause of action and no right, title, or interest in the lands described in the petition.
The case was heard by Honorable Frank Guess, presiding for Judge Clifford Pratt who was disqualified, and by an order dated January 5, 1949, Judge Guess overruled the demurrers to the petition as amended, and the case is before this court on the questions presented by said demurrers.
In the brief of counsel for the plaintiff in error, it is stated that the record raises these questions: "(1) Under the conveyances referred to, did the railroad company acquire such a title to the property conveyed as would revert to the grantor or his heirs upon the discontinuance of the company or its successors to use the property for railroad purposes? (2) Do the conveyances executed by W. H. Bush in 1881 and 1884, respectively, or either of them, convey to the grantee therein a fee-simple title to the *Page 586 
land therein described, or merely grant an easement over and across said land for the operation of a railroad line?"
It is conceded by counsel for both the plaintiffs and the defendant that this case turns upon the proper construction of the two instruments which are set out in the foregoing statement of facts and referred to in the petition as exhibits "A" and "B," and which are referred to in the briefs of counsel and will hereafter be referred to as the instruments executed by W. H. Bush in 1881 and 1884.
Both the plaintiffs and the defendant claim under W. H. Bush, the plaintiffs as the personal representative and heir at law respectively of Bush, and the defendant as successor in title under the instruments referred to, executed by Bush. If it should be held that either of these instruments conveyed the title to the lands therein referred to, then the petition failed to set out a cause of action, and the judgment overruling the general demurrers thereto should be reversed. On the other hand, if it should be held that both of these instruments conveyed easements only, and not title to the property involved, then the petition set out a good cause of action, and the trial court's judgment overruling the general demurrers thereto should be affirmed.
Counsel for both the plaintiffs and the defendant have filed exhaustive briefs, in which they have cited, discussed, and distinguished decisions by this court, and several from other jurisdictions, dealing with a similar question. Many of the cases are very close, and the differences in the facts and in the provisions of the various conveyances dealt with are slight indeed, and this renders a decision of the question here presented most difficult. As pointed out by this court inJohnson v. Valdosta, Moultrie c. R. Co., 169 Ga. 559, 562
(150 S.E. 845), Rogers v. Pitchford, 181 Ga. 845, 847
(184 S.E. 623), and Atlanta, Birmingham Atlantic Ry. Co. v.County of Coffee, 152 Ga. 432, 435 (110 S.E. 214), the crucial test in determining whether a conveyance grants an easement in, or conveys title to, land, is the intention of the parties, but in arriving at the intention many elements enter into the question. The whole deed or instrument must be looked to, *Page 587 
and not merely disjointed parts of it. The recitals in the deed, the contract, the subject-matter, the object, purposes, and nature of the restrictions or limitations, if any, or the absence of such, and the attendant facts and circumstances of the parties at the time of the making of the conveyance are all to be considered. Code, § 29-109. With these things in mind, we will first consider the Bush conveyance of 1881. The consideration therein recited is, "the benefit and advantages to me accruing by the construction of the Gainesville, Jefferson Southern Railroad, as well as the receipt of ten dollars, to me paid"; and in this respect the instrument is similar to those held in some of the cases referred to as conveying easements only, but this conveyance continues, "I have this day bargained and sold, and do hereby transfer and convey," unto the railroad company "and its successors and assigns all the land contained within one hundred feet in width on each side of its track, or roadbed (measuring from the center), of any portion of the lot of land hereinafter described through which said railroad may be constructed." The instrument further recites: "The land hereby conveyed being that tract or parcel of land in said county and State, land on which I live, and any other land through which it may run belonging to me, bounded by lands of" named persons, and others. The habendum clause of the instrument is: "To have and to hold said tract or parcel of land to the said railroad company, for railroad purposes, forever in fee simple." It will thus be seen that the conveyance is made not only to the railroad company, but also to its successors and assigns. Nowhere in this instrument is the term "easement" or "right of way," or any other expression used from which an intent to convey merely an easement might be inferred, but in every portion of the instrument where that which is conveyed is referred to, it is referred to as "land" — "I . . hereby . . convey . . all theland contained within one hundred feet in width on each side of its track, or roadbed. . . The land hereby conveyed being thattract, or parcel of land. . . To have and to hold said tract orparcel of land" to the railroad company, "for railroad purposes,forever in fee simple." It is true that there is no warranty clause in this instrument, but the habendum clause does contain the words "forever in fee simple." While, as held by this court in the Johnson case, supra, the use *Page 588 
of the words, "forever in fee simple," does not demand the construction that this instrument conveys to the grantee title to this land, and not a mere easement therein (Bale v. Todd,123 Ga. 99 (2), 50 S.E. 990; Atlanta, Birmingham Atlantic Ry.Co. v. Coffee County, 152 Ga. 432, supra), such words are "potent" when considered in connection with the other terms of the instrument in inducing us to hold that this instrument conveyed the title to this strip of land to the grantee.Johnson v. Valdosta, Moultrie c. R. Co., 169 Ga. 559
(supra).
It is insisted by counsel for the plaintiffs that the indefiniteness of the description of the land sought to be conveyed by this instrument should also be taken into consideration in determining whether the conveyance is of the title to the land or merely of an easement over the lands of the grantor, but this question is also settled adversely to this contention by the second headnote in the Johnson case, supra, wherein it is held: "Where property is conveyed by a grantor to a railroad company for the purpose of its right of way, without full description of the land conveyed, the occupancy of a particular route by the grantee with the consent of the grantor will identify and locate the property conveyed for such purpose, especially where the grantee pays to the grantor the purchase-price of the property conveyed and takes possession." See also, in this connection, Gaston v. Gainesville c. Ry.Co., 120 Ga. 516 (48 S.E. 188); Atlanta West Point R. Co.
v. Atlanta, Birmingham Atlantic R. Co., 125 Ga. 529
(54 S.E. 736); Gainesville Midland R. Co. v. Tyner, 204 Ga. 535
(50 S.E.2d 108).
Much stress is also laid by counsel for the plaintiffs upon the expression, "for railroad purposes," contained in the habendum clause of the instrument here under consideration. It is not insisted by counsel for the plaintiffs that this expression would be sufficient to create an estate on condition, or an estate with a conditional limitation, for they fully recognize that such an expression would not be sufficient for that purpose, and the soundness of the authorities relied upon by counsel for the defendant which hold to that effect, viz., Hollomon v.Board of Education of Stewart County, 168 Ga. 359
(147 S.E. 882); Huger v. Protestant Episcopal Church, 137 Ga. 205
(73 S.E. 385); Moss v. Chappell, 126 Ga. 196 (54 S.E. 968);Heyward v. Hatfield, *Page 589 182 Ga. 373 (185 S.E. 519); but they do insist that much weight should be given to this expression in determining whether the instrument here involved conveyed title or a mere easement. While this is one of the circumstances to be taken into consideration in construing the instrument, it is not of such significance as to require a holding that an easement only was conveyed. InTift v. Savannah, Fla. c. Ry. Co., 103 Ga. 580
(30 S.E. 266), it was held that the instrument there under consideration, conveying to the railroad company two described lots "for depot purposes," passed to the grantee an absolute title to the two lots mentioned, which was not qualified or affected by the use of the words, "for depot purposes." See also Polebitzke v. John Week Lumber Co., 157 Wis. 377 (147 N.W. 703, Ann. Cas. 1916B, 604), wherein it was held that a grant of land "for the purpose of rafting and boomage," did not create merely and easement for rafting and boomage, which case was cited with approval inHollomon v. Board of Education of Stewart County, 168 Ga. 359,368 (147 S.E. 882) (supra). Nor does the consideration as expressed in the instrument now before the court require a different conclusion from that which we have reached. It is true that the money consideration of ten dollars therein expressed is nominal only, and that the further consideration recited is "the benefit and advantages to me accruing by the construction of the Gainesville, Jefferson Southern Railroad;" and in Johnson v.Valdosta c. R. Co., 169 Ga. 559 (150 S.E. 845), that case was distinguished from others therein referred to because of the substantial amount of the consideration therein expressed, and this distinction was also referred to in Rogers v. Pitchford,181 Ga. 845 (184 S.E. 623); but this does not require a different conclusion from that which we have reached, for inWoods v. Flanders, 180 Ga. 835 (181 S.E. 83), where the instrument under consideration was held to convey a fee-simple estate, and not a mere easement for railroad purposes, the consideration expressed was only one dollar.
We hold that the instrument executed by Bush in 1881 conveyed to the grantee therein a fee-simple title to the two-hundred-foot strip through the land therein described, and not a mere easement for railroad purposes. See, in addition to the authorities hereinbefore cited, Samuel Mitchell Estate v. Western and *Page 590 Atlantic R., 167 Ga. 728 (146 S.E. 556). What we here hold is not in conflict with the following decisions relied upon by counsel for the plaintiffs — Atlanta, Birmingham Atlantic Ry.Co. v. County of Coffee, 152 Ga. 432 (supra), Gaston v.Gainesville c. Ry. Co., 120 Ga. 516 (48 S.E. 188), Duggan
v. Dennard, 171 Ga. 622 (156 S.E. 315), Rogers v.Pitchford, 181 Ga. 845 (184 S.E. 623), Louisville Nashville R. Co. v. Maxey, 139 Ga. 541 (77 S.E. 801),Jackson v. Crutchfield, 184 Ga. 412 (191 S.E. 468), and others — for the reason that the conveyances therein dealt with differ from the one here under consideration. Each of those cases has been distinguished in the cases hereinbefore cited, and it would serve no purpose, except to lengthen unduly this opinion, to undertake to point out again the various differences and distinctions.
Since we have held that the instrument executed by Bush in 1881 conveyed a fee-simple title, and not an easement, it becomes unnecessary to consider the instrument executed by him in 1884, for, even should it be held that this latter instrument conveyed an easement only, the grantor, having already conveyed the fee by the prior conveyance, could not limit or change it by the subsequent conveyance. For the reasons hereinbefore stated, the trial court erred in overruling the general demurrer.
Judgment reversed. All the Justices concur.