### 18412. ASKEW *v.* SPENCE *et al.*

HAWKINS, Justice. This was a suit in ejectment, wherein the plaintiff based his claim of title to the premises in dispute upon the instruments hereinafter quoted. To the judgment granting a nonsuit the plaintiff excepted. It is conceded by counsel that the controlling question is whether the instruments upon which the plaintiff bases his claim of title convey the title to the lands therein referred to, or merely an easement for railroad purposes. Each of the instruments to be construed, except the name of the grantor, is as follows: "For and in consideration of one dollar in hand paid, I, [the named grantor], hereby sell and convey to Georgia Carolina & Northern Railway Company, its successors and assigns, the following property: A strip of land extending fifty feet on each side of and at right angles to the center of the track or road bed of said line as the same may be located and established by the party of the second part, upon and over any and all land of the first party, situated in the county aforesaid, and in case of high banks or deep cuts, such additional width as may be necessary, not exceeding a total of two hundred feet. The party of the first part shall have the right to cultivate so much of said land as does not interfere with its use for railroad purposes, but shall acquire no title to the same for such use; the party of the second part shall have the right to cut timber, move stones, earth, timber, gravel, etc., and make any other disposition of said land right and proper for railroad purposes. This property is conveyed to said company to be used by it for railroad purposes, either as right-of-way or depot grounds. If work is not commenced on said road in two years said property is to revert to party of the first part." *Held:*

1. Keeping in mind the many elements which must be taken into consideration in the proper construction of a contract of the kind here involved (see *Jackson* v. *Rogers,* 205 Ga. 581, 586, 54 S. E. 2d 132), and giving due consideration to the following facts appearing from the terms of the contract: That the only consideration mentioned is one dollar; that the right-of-way is to be upon and over any and all lands of the grantor situated in the county named as such track or roadbed may be

located and established by the second party; that there is no habendum clause in the instrument; that the width of the easement is to be anywhere from one hundred feet to two hundred feet, as may be necessary; that the grantor retains the right to cultivate so much of said land as does not interfere with its use for railroad purposes; that the grantee is given the right to cut timber, move stones, earth, timber, gravel, etc., and make any other disposition of said land right and proper for railroad purposes (which provision would have been wholly unnecessary and surplusage had title been conveyed); that the property is conveyed to be used by the grantee for railroad purposes, either as right-of-way or depot grounds; that, if work is not commenced on the said road in two years, said property is to revert to the grantor; and that there is no warranty of title in the instruments—the contracts here involved, properly construed, conveyed only an easement for railroad purposes, and not the fee-simple title to the property therein referred to. See, in this connection, *Atlanta, Birmingham &c. Ry. Co.* v. *Coffee County,* 152 *Ga.* 432 (110 S. E. 214); *Gaston* v. *Gainesville &c. Ry. Co.,* 120 *Ga.* 516 (48 S. E. 188); *Duggan* v. *Dennard,* 171 *Ga.* 622 (156 S. E. 315); *Rogers* v. *Pitchford,* 181 *Ga.* 845 (184 S. E. 623); *Louisville &c. R. Co.* v. *Maxey,* 139 *Ga.* 541 (77 S. E. 801); *Jackson* v. *Crutchfield,* 184 *Ga.* 412 (191 S. E. 468).

2. The trial judge did not err in granting a nonsuit.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., not participating.*

SUBMITTED NOVEMBER 10, 1953—DECIDED JANUARY 11, 1954.

*Allison & Pittard,* for plaintiff in error.