19251.   JACKSON *et al.*, Executors, *v.* SORRELLS.

SUBMITTED FEBRUARY 14, 1956—DECIDED APRIL 9, 1956.

**334**

*Orrin Roberts, Marvin D. Pierce, Jr.,* for plaintiff in error.

*A. M. Kelly, Erwin, Nix, Birchmore & Epting, Wm. L. Preston,* contra.

WYATT, Presiding Justice. The plaintiffs in error claim the land in question as successors in title under the deed above set out. Therefore, it follows that, if the deed does not convey title, plaintiffs in error have no claim to the land in question. This court has many times been called upon to construe deeds such as the one here involved, conveying an interest in land to railroad companies for railroad purposes. It has often been pointed out that the question of whether the interest conveyed was an easement or title to the land was always a difficult one, and that each case was dependent upon its own particular facts and circumstances.

The plaintiffs in error cite *Jackson* v. *Rogers,* 205 *Ga.* 581 (54 S. E. 2d 132), in which the deed there under consideration was held to convey title, as controlling. However, the deed there involved contained no reservation to the grantor of any right in the land in question. In the instant case, the grantor reserved the right to cultivate the land up to the road bed and required the railroad to keep up all stock gaps. In this respect, the deed in the instant case is similar to the deeds considered in the cases of *Gaston* v. *Gainesville &c. Electric Ry. Co.,* 120 *Ga.* 516 (48 S. E. 188), *Georgia &c. Ry.* v. *Swain,* 145 *Ga.* 817 (90 S. E. 44), *Rogers* v. *Pitchford,* 181 *Ga.* 845 (184 S. E. 623), and *Askew* v. *Spence,* 210 *Ga.* 279 (79 S. E. 2d 531). In each of those cases it was held that the deed conveyed an easement over the lands of the grantor.

While it is true that no deed involved in either of the cases cited above was identical with that here involved, the rulings therein made are applicable in principle to the question in the instant case. The deed considered in *Gaston* v. *Gainesville &c. Ry. Co.,* supra, presented a weaker case for holding that only an easement was conveyed than that here involved. The same may be said of each of the other cases above cited. It was clearly the intention of the parties to the deed in the instant case at the time it was executed to convey and to receive an easement to construct and operate a railroad over the lands of the grantor, and that the grantor should retain the use of the land not actually used as a road bed. As indicating this intention, the fact that the consideration was nominal, that the grantor retained the right to cultivate the land not in actual use as a roadbed, that the grantee was required to keep up stock gaps, that the deed recites that the land is conveyed for use as a railroad, that the land conveyed was a strip out of the middle of the grantor's tract with no access between them, and other facts and circumstances surrounding the transaction should be considered. After a careful consideration of all these and other facts and the cases above cited, it clearly appears that the deed here involved was intended to convey and did convey only an easement to construct and operate a railroad over the land in question. It follows it was not error to sustain a demurrer to the petition.

*Judgment affirmed. All the Justices concur.*