## 49528. LUNSFORD v. KING et al.

STOLZ, Judge.

Plaintiff Lunsford, vendee of a certain tract of land in Fulton County, Georgia, described in a contract of sale by metes and bounds, brought an action against Fulton County, Mrs. King (his vendor), and the vendor's predecessors in title, seeking to enjoin the county from taking or interfering with, without condemnation, the plaintiff's use of a strip of said tract which one of the defendant predecessors in title had dedicated to the defendant county for road-widening purposes, but which had been included in all of the legal descriptions in all of the subsequent warranty deeds, including the plaintiff's. The complaint prayed alternatively, if it be judicially determined that the county could legally proceed under its right-of-way deed, for damages from the remaining defendants, his predecessors in title, jointly and severally, for breach of warranty in the amount of $2,475. The plaintiff appeals from the grant of the summary judgment in favor of the defendant vendor and defendant King-Williams Land Co., Inc., now King Williams Realty & Mortgage, Inc. (the vendor's immediate predecessor in title). The plaintiff's appeal from the trial court's judgment denying the injunctive relief against Fulton County, had been dismissed previously for lack of a certificate for immediate review. *Lunsford v. Fulton County,* 227 Ga. 547 (181 SE2d 865). *Held:*

"Where, as here, a certain tract of land is described in a contract of sale by definite boundaries, and it later appears that the vendor has no title to a portion of the tract contained within the described boundaries, this is a defect in the vendor's title as contemplated by Code § 29-202 rather than a deficiency in quantity as contemplated by

Code § 29-201." *Lawton v. Byck,* 217 Ga. 676 (2) (124 SE2d 369). The plaintiff's right to recovery of damages under Code § 29-202, is not defeated by his constructive knowledge of the prior recorded deed to the county. "A general warranty of title in a deed against the claims of all persons covers defects in the title though known to the purchaser at the time of taking the deed." Code § 29-304.

Accordingly, the plaintiff is entitled to prove his case before a jury, including the amount of the unliquidated damages for the "reduction of the price according to the relative value of the land so lost." Code § 29-202. Therefore, the trial judge erred in granting the summary judgment in favor of the defendant vendor, Mrs. King, and defendant King-Williams Land Co., Inc., now King Williams Realty & Mortgage, Inc.

*Judgment reversed. Eberhardt, P. J., and Deen, J., concur.*

ARGUED JUNE 27, 1974. — DECIDED SEPTEMBER 26, 1974.

*William F. Lozier,* for appellant.
*William C. Haddon,* for appellees.