## 37018, 37019. BARBER et al. v. SOUTHERN RAILWAY COMPANY; and vice versa.

MARSHALL, Justice.

The plaintiff Southern Railway Company filed this complaint against the defendants Barber, individually and d/b/a Barber Oil Co. In the complaint, the plaintiff seeks a declaratory judgment that it holds fee simple title to a 200-foot strip of land in Cobb County, and the plaintiff requests the trial judge to enjoin the defendants from trespassing on this property.

The plaintiff bases its claim to fee-simple title on four deeds arising out of the estate of John C. Lowe, who died in 1855. The four deeds are referred to as the Elizabeth Lowe deed, the J. S. Lowe deed, the James Peek deed, and the T. J. Lowe deed. The defendants filed a motion for partial summary judgment on the question of whether these four deeds conveyed fee-simple title or created mere easements. The trial judge ruled that under *Jackson v. Rogers,* 205 Ga. 581 (54 SE2d 132) (1949), the Elizabeth Lowe and J. S. Lowe deeds conveyed fee-simple title to the grantees therein, and that the James Peek and T. J. Lowe deeds granted easements only. Therefore, the defendants' motion for partial summary judgment was granted as to the Elizabeth Lowe and J. S. Lowe deeds and denied as to the James Peek and T. J. Lowe deeds.

Both the plaintiff and the defendants filed applications for interlocutory appeal, which were granted. In Case No. 37018, the plaintiff appeals the portion of the trial judge's order granting the defendants' motion for partial summary judgment. In Case No. 37019, the defendants appeal the portion of the trial judge's order denying their motion for partial summary judgment. *Held:* We affirm.

We agree with the trial judge that under *Jackson v. Rogers,* supra, the Elizabeth Lowe and J. S. Lowe deeds must be viewed as conveying fee-simple title. Under *Jackson v. Sorrells,* 212 Ga. 333 (92 SE2d 513) (1956), the James Peek and T. J. Lowe deeds must be viewed as conveying mere easements.

It is true that in determining whether an interest conveyed is an easement or fee-simple title to land, each case depends on its own particular facts and circumstances. See generally Pindar, Ga. Real Est. Law, § 8-6 (1971). However, the Elizabeth Lowe and J. S. Lowe

deeds are not distinguishable in any material respect from the deed under consideration in *Jackson v. Rogers,* supra, and the James Peek and T. J. Lowe deeds are not distinguishable in any material respect from the deed in *Jackson v. Sorrells,* supra. Under the authority of these decisions, the judgment appealed from is affirmed.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 3, 1981.

*Barnes & Browning, Roy E. Barnes,* for appellants.

*Awtrey & Parker, L. M. Awtrey, Jr., Toby B. Prodgers,* for appellee.

*Judgment affirmed. All the Justices concur.*