65604. McCLURE et al. v. TURNER et al.

BANKE, Judge.

Appellees, Mr. and Mrs. Turner, brought suit against Doreen Larrimore and appellants, Mr. and Mrs. McClure, seeking recovery of damages under OCGA § 44-5-36 (former Code Ann. § 29-202). The complaint alleged that Mrs. Larrimore had executed and delivered to the Turners a warranty deed purporting to convey 1.40 acres of certain real property described by metes and bounds, when she did not in fact have title to approximately 0.238 acres on the south side of the tract. Title to this 0.238 acres had been awarded in May 1965 to one Albert Harley Graham pursuant to a jury verdict and judgment in his favor against Mr. and Mrs. McClure. However, notwithstanding this judgment, Mr. and Mrs. McClure three months later purported to convey the entire 1.40-acre tract by warranty deed to C. Lester Poss. The McClures filed a third-party complaint against Poss, alleging that he had conveyed the entire tract by warranty deed to Mrs. Larrimore, and demanding a judgment against him for any sum that might be recovered from them by the Turners.

On the basis of depositions and affidavits given by the parties, the Turners filed a motion for partial summary judgment to establish the liability of the defendants and the third-party defendant. The trial court denied the motion as to Poss because there was no deed of record showing him to be the grantor or warrantor of good title to anyone. The court further found that Mrs. Larrimore and the McClures did by deed agree to warrant and forever defend the respective grantees' right and title to the entire tract as described therein. Mr. and Mrs. McClure appeal from this judgment, which granted the Turners a reduction in the purchase price commensurate to the value of the property not conveyed as warranted.

The appellants contend that the trial court erroneously resolved issues of fact as to whether the legal description in the warranty deeds conformed to the true intentions of the parties in that Mr. McClure stated in his deposition that he intended to convey only that property to Poss to which he had title subsequent to the judgment in favor of Graham. McClure also testified that he could not read or write, that he had showed Poss the correct post-judgment boundary lines, and that he relied fully on the representations of Poss and his attorney when he executed the deed. *Held:*

The appellants' argument is without merit. McClure's testimony "that he did not own the property to the [described]

boundary at the time he made the warranty deed to [Poss], and that he did not intend to convey a part of the tract described in his deed to [Poss], could not, in the absence of appropriate pleadings seeking reformation of the deed . . . make an issue of fact for the jury. [Cits.]" *Guy v. Poss,* 212 Ga. 724, 727-728 (95 SE2d 682) (1956). Having never sought a reformation of the deed, appellants cannot now seek to go behind the warranty to assert previous discussions, negotiations, or other mitigating factors. See *Kennedy v. Kennedy,* 183 Ga. 432, 440 (188 SE 722) (1936). The trial court properly decided the motion for summary judgment on the breach of the warranty contained in the deeds in question and correctly found that the Turners were entitled to a proportionate reduction of the purchase price under OCGA § 44-5-36 (Code Ann. § 29-202) for that part of the land lost due to the defect in title. Accord *Mansell v. Pappas,* 156 Ga. App. 272 (2) (274 SE2d 588) (1980); *Woodstock Village v. Fowler,* 154 Ga. App. 82 (1) (267 SE2d 558) (1980); *Lawton v. Byck,* 217 Ga. 676 (2) (124 SE2d 369) (1962).

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 8, 1983.

*George J. Thomas II,* for appellants.
*William G. Hasty, Jr., Daniel T. Stringer,* for appellees.