73996. ETHERIDGE v. FRIED.
(360 SE2d 409)

Carley, Judge.

Appellee-plaintiff filed suit against appellant-defendant, alleging claims for breach of warranty deed and for fraud. Appellant answered, denying the material allegations of appellee's complaint. Subsequently, appellee moved for partial summary judgment as to appellant's liability for breach of warranty deed. The trial court denied appellee's motion. Appellant then moved for summary judgment. Appellee not only opposed appellant's motion on the merits, but also urged that the earlier denial of her own motion for partial summary judgment should be reconsidered by the trial court. The trial court conducted a hearing on appellant's motion for summary judgment and denied it. The trial court also reconsidered its ruling on appellee's previous motion and granted partial summary judgment in her favor as to appellant's liability for breach of warranty deed. Appellant appeals from the trial court's order which granted partial summary judgment in favor of appellee and denied appellant's motion for summary judgment.

1. The trial court was authorized to reconsider and to grant appellee's motion for partial summary judgment after having previously denied it. "Consideration of a second motion for summary judgment lies within the discretion of the trial judge. . . . [Cit.]" *Belcher v. Logan*, 150 Ga. App. 249, 251 (2) (257 SE2d 299) (1979). This is true even though appellee had not refiled her motion but had merely requested the trial court to reconsider the denial of her previous motion for partial summary judgment. " '[S]ummary judgment can be granted to a non-moving party provided that the grant is proper in all respects. [Cit.]' [Cits.]" *Eiberger v. West*, 247 Ga. 767, 770 (1a) (281 SE2d 148) (1981).

2. Appellee urges that appellant did not have title to the entirety of the property that he purported to convey to her by warranty deed and that this constitutes a defect in title for which she can recover against appellant pursuant to OCGA § 44-5-36. Appellant, on the other hand, urges that there was, at most, a deficiency in the quantity of property that he conveyed to appellant and that, pursuant to

OCGA § 44-5-35, she has no right to recover against him as a matter of law. Accordingly, the issue for resolution with regard to the grant of partial summary judgment to appellee or her claim for breach of warranty deed is whether OCGA § 44-5-35 or OCGA § 44-5-36 is the controlling statutory provision.

If the property "involved [is] described by boundaries and [if a portion of the property] within those boundaries [was] owned by someone other than [appellant,] [t]his amounts to a defect in title as contemplated by [OCGA § 44-5-36] rather than a deficiency in quantity as contemplated by [OCGA § 44-5-35]." *Lawton v. Byck*, 217 Ga. 676, 680-681 (3) (124 SE2d 369) (1962). The warranty deed that was delivered to appellee by appellant contained the following description of the property: "*All that tract or parcel* of land lying and being in Land Lot 342 of the 18th District, DeKalb County, Georgia, 1 acre *as per plat* recorded in Plat Book 55, Page 98, survey for [appellant], DeKalb County Records." (Emphasis supplied.) "Where a deed or grant refers to a plat as furnishing the description of the land conveyed, the plat itself and the words and marks on it are as much a part of the grant or deed, and control, so far as limits are concerned, as if such descriptive features were written out on the face of the deed or grant itself." *Westbrook v. Comer*, 197 Ga. 433, 434 (2) (29 SE2d 574) (1944). The recorded plat to which reference was made in the deed from appellant to appellee had been prepared in 1970 and it delineates the boundaries of a single tract of property. At the time of the conveyance from appellant to appellee, however, appellant did not own all of the property within the boundaries that were shown on the plat. In 1977, he had conveyed .055 acres of the property to DeKalb County in fee simple absolute. Thus, appellant could not convey title to "[a]ll that tract or parcel" described in the deed that was delivered to appellee because he did "not have title to a part of it. This is a defect in title. The situation would be different if [appellant had been] able to convey the tract described to the boundaries described and it later appeared that, though [he] had title to the entire tract, the tract contained less land than described in the [deed]. The latter situation is covered by [OCGA § 44-5-35], the former is not." *Lawton v. Byck*, supra at 681 (3).

Accordingly, OCGA § 44-5-36 is the controlling statutory provision in this case. It therefore follows that appellee's right to recover for a breach of the warranty deed would not be "defeated by [her] constructive knowledge of the prior recorded deed to the county. 'A general warranty of title in a deed against the claims of all persons covers defects in the title though known to the purchaser at the time of taking the deed.' [Cit.]" *Lunsford v. King*, 132 Ga. App. 749, 750 (209 SE2d 27) (1974). The trial court correctly granted summary judgment in favor of appellee as to appellant's liability for breach of

warranty deed, leaving for jury resolution as to that claim only the issue of "the amount of the unliquidated damages [to which she would be entitled] for the 'reduction of the price according to the relative value of the land so lost.' [Cit.]" *Lunsford v. King*, supra at 750.

3. Appellant also enumerates as error the denial of his motion for summary judgment as to appellee's fraud claim. The fraud attributed to appellant is his alleged representation that he still owned the entire tract and his failure to disclose that he had conveyed .055 acres to DeKalb County. However, it is undisputed that, in her purchase of the property, appellee ultimately placed no reliance upon appellant's alleged representations concerning his title to the tract. Appellee had hired her own attorney to check the title to the property. Compare *Zeeman v. Black*, 156 Ga. App. 82 (273 SE2d 910) (1980). It is apparently undisputed that although appellee's attorney discovered the recorded 1977 conveyance by appellant of .055 acres to DeKalb County, he simply failed to inform her of his discovery. Thus, in closing on the property, appellee was relying upon such information with regard to title as had been supplied by her own attorney, not any prior representation that had been made by appellant. Under these circumstances, appellee may have a viable cause of action for legal malpractice against her own attorney, but she does not have a viable cause of action for fraud against appellant. " '(I)n order to sustain (a) cause of action for fraud the record must show that (the plaintiff) *acted upon the misrepresentation of (the defendant). (Cit.)' "* (Emphasis supplied.) *Moore v. Fla. Rock & Tank Lines, Inc.*, 183 Ga. App. 520, 522 (359 SE2d 356) (1987). Accordingly, the trial court erred in denying appellant's motion for summary judgment as to appellee's fraud claim.

4. Remaining enumerations of error have been considered but are either moot or without merit. The trial court correctly granted summary judgment in favor of appellee as to appellant's liability for breach of warranty deed. The trial court erred in denying summary judgment to appellant on appellee's fraud claim.

*Judgment affirmed in part and reversed in part. Banke, P. J., and Benham, J., concur.*

DECIDED JULY 2, 1987 —
REHEARING DENIED JULY 28, 1987.

*George G. Chenggis*, for appellant.
*Larry Chesin*, for appellee.