77191. SAFECO TITLE INSURANCE COMPANY v. CITIZENS & SOUTHERN NATIONAL BANK.

(380 SE2d 477)

Sognier, Judge.

Safeco Title Insurance Company brought suit against O. C. Hubert for breach of warranty of title, seeking to recover from Hubert the $100,000 it had paid a third party (hereinafter "Fisher") to clear the title of land purchased by Safeco's insured from Hubert. Upon Hubert's death, Citizens & Southern National Bank, as temporary administrator of his estate, was substituted as party defendant. The trial court granted the bank's motion for summary judgment, and Safeco appealed to the Georgia Supreme Court which transferred the appeal to this court.

Appellant's insured, Terrell Mill I Associates, Ltd., purchased a large tract of property located near the intersection of Interstate 285 and Interstate 75 from appellee in November 1983. Appellant insured the fee simple title to the land subject to a "[n]on-exclusive easement for roadway purposes granted by Otis Brumby to Robert E. Brumby, dated July, 1946 . . . ." Appellee is Otis Brumby's successor in interest; Fisher is Robert Brumby's successor in interest. The interest passed by Otis Brumby to Robert Brumby in the "Brumby deed" affected a strip of property (the "disputed property") which bisected the property purchased by Terrell Mill. Terrell Mill, after obtaining Fisher's permission, paved the road on the disputed property, but in the course of its construction work Terrell Mill also built part of a swimming pool and part of a building foundation on the disputed property. Fisher protested the encroachment in letters to appellant's insured and claimed that the Brumby deed conveyed to Fisher's predecessor in interest not a non-exclusive roadway easement but a fee simple title to the disputed property. Although appellant's attorney agent prior to the issuance of the insurance had determined that the Brumby deed transferred an easement, after the claim was made, appellant concluded that the interest conveyed was in fee simple and paid Fisher $100,000 for the disputed property in order to provide Terrell Mill with the title as insured.

1. Appellant contends the trial court erred by determining as a matter of law that the Brumby deed granted an easement rather than conveyed a fee simple title to the disputed property. The Brumby deed, a pre-printed form with typewritten insertions (denoted here by italics), provided that "for and in consideration of the sum of *ONE DOLLAR* . . . , in hand paid at and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, ha*s* granted, bargained, sold and conveyed, and by these presents doe*s* grant, bargain, sell and convey [to Robert Brumby], *his* heirs and assigns, all that tract or parcel of land lying and being in *A strip of land off the West side of Land Lot 801 . . . of varying width from 20 to 40 feet, said strip being fully shown on plat of survey of said property . . . . The property herein conveyed is to be perpetually used for a road from Terrell Mill Road into Land Lot 800, said District and Section, owned by the Grantee.* TO HAVE AND TO HOLD, The said bargained premises, together with all and singular the rights, members and appurtenances thereof, to the same being, belonging, or in any wise appertaining, to the only proper use, benefit and behoof of *him* [Robert Brumby], *his* heirs and assigns, forever, IN FEE SIMPLE. And [Otis Brumby] for *himself, his* heirs, executors, administrators, will warrant and forever defend the right and title to the above described property unto [Robert Brumby], *his* heirs and assigns, against the lawful claims of all persons whomsoever."

"[T]he crucial test in determining whether a conveyance grants an easement in, or conveys title to, land, is the intention of the parties, but in arriving at the intention many elements enter into the question. The whole deed or instrument must be looked to, and not merely disjointed parts of it. The recitals in the deed, the contract, the subject-matter, the object, purposes, and nature of the restrictions or limitations, if any, or the absence of such, and the attendant facts and circumstances of the parties. at the time of the making of the conveyance are all to be considered. [Cit.]" *Jackson v. Rogers*, 205 Ga. 581, 586-587 (54 SE2d 132) (1949). The Supreme Court in *Rogers* held that the document therein conveyed a fee simple title rather than a mere easement, noting that despite the nominal ($10) consideration and the absence of a warranty clause, the repeated recital in the document that it was "land" being conveyed, the fact that the conveyance was made not only to the railroad company involved but its "successors and assigns" as well, and the language in the habendum clause "[t]o have and to hold said tract or parcel of land to the said railroad company, for railroad purposes, forever in fee simple," all indicated that the instrument conveyed fee simple title to the land in question to the grantee.

Appellee argues, and the trial court deemed, that *Jackson v. Sorrells*, 212 Ga. 333 (92 SE2d 513) (1956), is the most closely analogous

case to the Brumby deed. We do not agree. In determining that the interest transferred in *Sorrells* was an easement, the Supreme Court noted that the deed recited nominal consideration, that the grantor retained the right to cultivate the land not in actual use by the grantee railroad company and placed a burden on the grantee to maintain stock gaps, that the deed specified the property was conveyed for use as a railroad, and that the land conveyed was a strip out of the middle of the grantor's tract with no access between them. Id. at 335. *Rogers* was distinguished on the basis that the deed in the earlier opinion had contained no reservation to the grantor of any right in the land in question similar to the reserved right to cultivate the land up to the road bed in *Sorrells*.

The Brumby deed contains no reservation to the grantor of any right in the disputed property nor places any burden on the grantee similar to the reserved right to cultivate and the duty to maintain stock gaps in *Sorrells*. The conveyance was to Robert Brumby and his heirs and assigns; the deed refers solely to "land" with no mention of easement or right-of-way; and the deed contains both an habendum in fee and a warranty of title. "While . . . the use of the words, 'forever in fee simple,' does not demand the construction that [the] instrument conveys to the grantee title to [the] land, and not a mere easement therein ([cits.]), such words are 'potent' when considered in connection with the other terms of the instrument in inducing us to hold that this instrument conveyed the title to this strip of land to the grantee. [Cit.]" *Rogers*, supra at 587-588.

Furthermore, while the presence of the warranty clause is not controlling on the determination of the nature of the interest conveyed by a deed, see *Bale v. Todd*, 123 Ga. 99, 101-102 (2) (50 SE 990) (1905) (warranty clause in grant of use of stairway for all necessary purposes, with provision dividing cost of upkeep of stairway, held to be easement not fee simple title), the presence or absence of a warranty clause is a factor often cited as indicating fee simple title or easement, respectively, see *Johnson v. Valdosta &c. R. Co.*, 169 Ga. 559, 564-565 (150 SE 845) (1929); *Askew v. Spence*, 210 Ga. 279, 280 (1) (79 SE2d 531) (1954), and the presence of such a clause in the Brumby deed warranting title of the disputed property against the claims of all persons whomsoever further distinguishes the deed sub judice from the one in *Sorrells* and the cases cited therein.

Thus we cannot agree with the trial court that *Sorrells* is controlling here since the Brumby deed is not distinguishable in any material respect from the deed under consideration in *Rogers*. We therefore hold that the Brumby deed did not grant an easement but instead conveyed a fee simple restricted to the perpetual use of the property solely as a road. Although typewritten words are generally entitled to more consideration than pre-printed items, see *Hodsdon v.*

*Whitworth*, 153 Ga. App. 783, 786 (266 SE2d 561) (1980); OCGA § 13-2-2 (7), that principle applies when a conflict exists between the specially inserted provisions and the printed form, see *Batson-Cook Co. v. Poteat*, 147 Ga. App. 506, 507-508 (1) (249 SE2d 319) (1978), and in the absence of any conflict between the form and inserted provisions in the deed, we cannot ignore the pre-printed language, "boilerplate" arguments notwithstanding.

Therefore, the grant of appellee's motion for summary judgment was error insofar as it determined the interest passed by the Brumby deed was an easement, rather than fee simple title to the disputed strip of property. See generally *Barber v. Southern R. Co.*, 247 Ga. 84 (274 SE2d 336) (1981); *Clark v. McBride*, 256 Ga. 308, 309-310 (1) (348 SE2d 634) (1986).

2. As an alternate ground for its order, the trial court determined that appellant could not litigate the breach of warranty suit against appellee because it acted as a volunteer when it paid Fisher the $100,000 for the disputed property and the doctrine of subrogation does not apply to mere volunteers. *Telfair Stockton & Co. v. Trust Co. of Ga.*, 203 Ga. 802, 809 (48 SE2d 532) (1948). While we do not question the validity of the principle relied upon by the trial court, the issue before the trial court cannot be resolved merely by applying that principle.

"[S]ubrogation is a remedy recognized both in law and equity as a path of recovery whereby one is placed or substituted in the legal position of another . . . . The clear meaning of the language defining subrogation is that the subrogee is placed in the same position as the subrogor which includes the disabilities as well as the rights." *Travelers Ins. Co. v. Commercial Union Ins. Co.*, 176 Ga. App. 305, 308 (335 SE2d 681) (1985). The record is uncontroverted that the Fisher claim was precipitated by Terrell Mill's encroachment upon the disputed property by the construction of portions of a swimming pool and building foundation thereon. That construction work was an encroachment on the disputed property regardless of whether the interest owned by Fisher was an easement or fee simple title. In view of the fact that it was the improper act by appellant's insured which precipitated the claim, we find no merit in appellant's arguments that when it settled Fisher's claim, it was acting under compulsion or in response to an emergency and that in some way legally entitled appellant to recover the $100,000 it paid for the disputed property from appellee.

The trial court's determination that appellant acted as a volunteer was based on its erroneous conclusion that the interest conveyed in the Brumby deed was an easement and because the policy appellant issued to Terrell Mill expressly excluded coverage for adverse claims created by the insured (i.e., by encroaching on the easement),

appellant was under no legal obligation to settle Fisher's claim. While the record does reflect that Terrell Mill's encroachment on the disputed property was the act which precipitated Fisher's claim, the *reason* Fisher first claimed to be fee simple title owner of the disputed property is immaterial. Fisher was fee simple title holder to the disputed property, Division 1, supra, and the title appellant insured was not the title Terrell Mill received. There thus existed a valid legal obligation on appellant's part under its policy, although that obligation does not validate the manner in which appellant responded to Fisher's claim or entitle appellant to recover the sum it expended to extricate Terrell Mill from the economically distressing situation the insured's improper action had hastened.

"If the property 'involved (is) described by boundaries and (if a portion of the property) within those boundaries (was) owned by someone other than [appellee,] (t)his amounts to a defect in title as contemplated by (OCGA § 44-5-36) . . . .' [Cit.]" *Etheridge v. Fried*, 183 Ga. App. 842, 843 (360 SE2d 409) (1987). Under OCGA § 44-5-36, the damages the purchaser is entitled to recover from the seller for breach of warranty are "a proportionate reduction of the purchase price . . . for that part of the land lost due to the defect in title. [Cits.]" *McClure v. Turner*, 165 Ga. App. 380, 381 (301 SE2d 304) (1983). See also *Woodstock Village v. Fowler*, 154 Ga. App. 82, 85 (1) (267 SE2d 558) (1980); *Etheridge*, supra. Having held in Division 1 that the disputed property purportedly conveyed by appellee to appellant's insured was held in fee simple by Fisher, it follows that there remains for jury determination "the issue of 'the amount of the unliquidated damages (to which [appellant, as subrogee of Terrell Mill] would be entitled) for the "reduction of the price according to the relative value of the land so lost." [Cit.]' [Cit.]" *Etheridge*, supra at 844 (2).

3. Although appellant argues certain other matters not related to those addressed above, our review of the trial court's order establishes that the grant of summary judgment was based solely on the two issues discussed in Divisions 1 and 2 and the trial court did not rule or intimate any ruling on the matters asserted by appellant.

*Judgment reversed. Deen, P. J., and Benham, J., concur. Carley, C. J., disqualified.*

DECIDED MARCH 2, 1989 —
REHEARING DENIED MARCH 17, 1989 — ▮

*Weeks & Candler, Jerry L. Stepp, Terri A. Candler, Leslie D. Williams*, for appellant.

*Glenn P. Hendrix, Richard N. Hubert, Barbara J. Goldstein*, for

appellee.
 *Pollyann S. Campbell*, amicus curiae.