S99A0013. SWANBERG et al. v. CITY OF TYBEE ISLAND.
(518 SE2d 114)

THOMPSON, Justice.

Plaintiffs Stephen Swanberg and J. Frank Dubberly, owners of a 300-foot by 900-foot parcel of real property located in Tybee Island, Georgia, brought a declaratory judgment action to determine ownership rights in a 150-foot wide right-of-way (formerly a portion of U. S. Highway 80), which abuts plaintiffs' property to the north. Defendant City of Tybee Island counterclaimed seeking a determination of title in its favor. The parties filed cross-motions for summary judgment. Plaintiffs appeal from the grant of summary judgment in favor of defendant and the determination of title in its favor.

---

[6] 266 Ga. 249 (466 SE2d 1) (1996).

The stipulated facts show that in 1905, the State of Georgia executed a quitclaim deed conveying 104 acres to Tybee Beach Company; the disputed property is contained within that conveyance. In 1919, the Tybee Beach Company executed a deed conveying to Chatham County "a right of way for a public county road across the lands of [Tybee Beach Company]," which included the disputed property. The habendum clause of that instrument provides: "To have and to hold the said right-of-way unto [Chatham County] its successors and assigns, in fee simple."

In 1961, the State Highway Board of Georgia issued an order authorizing the relocation of a 1.10 mile portion of U. S. Highway 80, which includes the property in question, and Chatham County passed a resolution authorizing its permanent relocation. Thereafter, pursuant to a series of conveyances, defendant acquired all interest in the disputed property.

1. Plaintiffs submit that the 1919 deed evidences an intent by the grantor to convey merely an easement for a right-of-way, as opposed to title in fee simple absolute, and that the land should revert to the adjacent property owners.

In determining whether the interest conveyed is an easement or fee, the crucial test is the intention of the parties. *Rogers v. Pitchford*, 181 Ga. 845 (184 SE 623) (1936). And in ascertaining the intention of the parties, we consider the "recitals in the deed, the contract, the subject-matter, the object, purpose, and the nature of restrictions or limitations, and the attendant facts and circumstances of the parties at the time of making the deed." Id. at 847.

The recitals in the 1919 deed show that the property was conveyed to Chatham County and its assigns in fee simple absolute, and was not subject to a reversionary interest in the grantor if its use as a county road ceased. In *Dept. of Transp. v. Knight*, 238 Ga. 225 (232 SE2d 72) (1977), this Court determined that a similar deed conveying to a governmental authority "and their successors in office so much land as to make a right of way for [a roadway]," and which contained the habendum clause — " 'to have and to hold the said conveyed premises in fee simple' " — established that the grantor intended to grant an estate in fee simple rather than a conditional estate. This is because

"A deed will not be construed as a grant on [a] condition subsequent, unless the language used by express terms creates an estate on condition, or unless the intent of the grantor to create a conditional estate is manifest from a reading of the entire instrument." [Cits.]

Id. at 227. Accord *Wallace v. City of Atlanta*, 228 Ga. 166 (184 SE2d

576) (1971); see *Sadtler v. City of Atlanta*, 236 Ga. 396 (223 SE2d 819) (1976) (same rule applies where land acquired by eminent domain proceedings). Compare *Jackson v. Sorrells*, 212 Ga. 333, 334 (92 SE2d 513) (1956), and cases cited therein (where a deed which purports to convey "fee simple" title also contains a reservation of rights to the grantor, only an easement was conveyed); *State Hwy. Dept. v. Williams Lumber Co.*, 222 Ga. 23 (2) (148 SE2d 426) (1966) (where deed conveying land for a state highway contained a reverter clause which was null and void, fee simple title vested in grantee); *Askew v. Spence*, 210 Ga. 279 (79 SE2d 531) (1954) (easement conveyed where deed expressly provided for a reversion). It follows that the 1919 deed to Chatham County passed a fee simple estate to defendant's predecessor in title.

*Gaston v. Gainesville & Dahlonega Electric R. Co.*, 120 Ga. 516 (1) (48 SE 188) (1904), does not compel a contrary conclusion. Gaston deeded to the railway company "all the land necessary for road-bed and other earth to construct [a] railroad on each side of the track or roadway . . . through which said railroad may be constructed, run, and operated . . . forever in fee simple." Id. at 517. This Court construed the instrument as the conveyance of an easement, which was explained as follows: "The right to construct the railroad over the right of way granted is absolute, and the tenure of the grantee's title is limited only to the use of the land 'for railroad purposes.' " Id. at 518. Thus, despite the "fee simple" language, the instrument conveyed conditional title, requiring the land to be used "for railroad purposes," and upon abandonment by Gainesville & Dahlonega Railroad, the land reverted to Gaston, the adjacent property owner.

2. Plaintiffs assert that when the disputed property was expressly abandoned as part of the state road system, and was later barricaded to prevent further use as a highway, the fee to the road reverted to the adjacent property owners. This argument is similarly predicated on the erroneous conclusion that Chatham County merely acquired an easement.

> Where title to a public road or highway is not shown to be in the public by express grant, the owner of a lot abutting on such road or highway is presumed to own the fee to that half of the road or highway contiguous to his land.

*R. G. Foster & Co. v. Fountain*, 216 Ga. 113, 123 (114 SE2d 863) (1960). Since we have determined that a fee simple estate was created by the 1919 conveyance, plaintiffs had no entitlement to the fee, even assuming an abandonment. See generally *Glass v. Carnes*, 260 Ga. 627 (398 SE2d 7) (1990). Compare *R. G. Foster & Co.*, supra.

3. The stipulated facts also show that the disputed property is

included in property conveyed by a 1981 quitclaim deed from Chatham County to defendant "upon express direction that the land shall be used solely by the Marine Rescue Squadron [MRS] . . . for rescue missions in the Tybee area," and that the MRS has continuously used the property in such manner since 1981. Plaintiffs assert that use of the disputed property by the MRS constitutes an impermissible gratuity in violation of Art. III, Sec. VI, Par. VI (A) of the Georgia Constitution.

No gratuity is involved where the municipality is receiving ample consideration for use of the property. *Haggard v. Bd. of Regents*, 257 Ga. 524 (3) (360 SE2d 566) (1987); *Smith v. Bd. of Commrs.*, 244 Ga. 133 (2) (259 SE2d 74) (1979). Since it was shown that MRS uses the property in exchange for providing valuable rescue services to the area, the trial court correctly awarded summary judgment to Tybee Island on the issue of an impermissible gratuity.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 3, 1999.

*Henderson & Henderson, Michele M. Henderson,* for appellants.
*Karsman, Brooks & Callaway, Edward M. Hughes, Tracie G. Smith,* for appellee.